414 A.2d 1020

## In re ESTATE of Paul H. FRICK.

### Appeal of Commonwealth of Pennsylvania.

Supreme Court of Pennsylvania.

Argued April 17, 1980.

Decided May 30, 1980.

Catherine R. Barone, Asst. Atty. Gen., for appellant. Jerome C. Groskin, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

OPINION OF THE COURT

ROBERTS, Justice.

This is a Commonwealth appeal from a "Memorandum Opinion Sur Exceptions to Adjudication" of the Court of Common Pleas of Montgomery County, Orphans' Court Division, dated May 19, 1978. In the memorandum opinion, the orphans' court dismissed Commonwealth exceptions to that portion of the court's supplemental adjudication of February 1, 1978 approving appellee estate's state inheritance tax deductions of some $50,000. The orphans' court dismissed the exceptions on the ground that the Commonwealth, contrary to local orphans' court rules, failed to submit written objections to appellee's claimed tax deductions.

The Commonwealth maintains that the orphans' court erred in requiring written objections. According to the Commonwealth, appellee's request for the challenged deductions was contained in a "Petition for Adjudication." Under the Commonwealth's reading of Montgomery County Orphans' Court Rules, particularly Rule 6.10D(d), objection to such a petition need not be made in writing, but may be made orally at the time of audit. Montgomery County Orphans' Court Local Rule 6.10D(d) provides:

"*Objections.* Objections to the petition for adjudication may be made orally at the time for audit."

The Commonwealth contends here, as it contended in its exceptions to the supplemental adjudication, that timely oral objection as called for by Rule 6.10D(d) was made.

Review of this record makes clear the Commonwealth is correct that appellee sought approval of the claimed inheritance tax deductions by way of a petition for adjudication. So too, it is clear that the Commonwealth has correctly interpreted local rule. Ordinarily "[t]he interpretation of rules of court is for the court which enunciates them. . ."
*Dellacasse v. Floyd*, 332 Pa. 218, 224, 2 A.2d 860, 863 (1938). Accord e. g., *Milton Bank & Safe Deposit Co. v. Beachel*, 174 Pa.Super. 276, 101 A.2d 142 (1953). See also *Clark Estate*, 488 Pa. 1, 410 A.2d 796 (1980). This policy of deference,

however, has no place where, as here, the plain wording of a local orphans' court rule is contrary to the court's interpretation.

"The rules adopted by the Supreme Court regulating the practice and procedure of the Orphans' Courts of this Commonwealth, and the rules adopted by such courts, shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest."

Sup.Ct.Orph.Ct. Rule 2.1.

This matter therefore must be remanded for appropriate consideration of the Commonwealth's exceptions. Should it be determined that the Commonwealth did indeed make timely oral objection to the claimed deductions the court shall afford proper relief from the supplemental adjudication.

Decree vacated and case remanded for proceedings consistent with this opinion. Each party to pay own costs.