430 A.2d 672

**Donald J. SHAPIRO and Jill D. Shapiro, husband and wife, Appellants,**

**v.**

**Thomas E. ALBRIGHT and Andrea C. Albright, and Charles H. Dager t/a Dager Realtor.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed May 22, 1981.

Marc D. Jonas, Lansdale, for appellants.

Richard W. Rogers, Norristown, did not file a brief on behalf of appellees.

Before SPAETH, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in dismissing their complaint as to appellees Thomas E. Albright and Andrea C. Albright (the Albrights) pursuant to Rule 302(d) of the Montgomery County Rules of Civil Procedure. For the reasons which follow, we reverse the order of the court below and remand for further proceedings.

Appellants initiated this action by filing a complaint in trespass and assumpsit to recover damages resulting from a latent defect in real estate which they had purchased from the Albrights.[1] The Albrights subsequently filed preliminary objections, alleging, *inter alia,* that the court lacked personal jurisdiction over them and that service of process had been defective. On March 11, 1980, the Albrights filed a brief in support of their preliminary objections. By letter dated March 12, their attorney mailed a copy of the brief to appellants' attorney, who received it on March 14. By letter dated April 10, 1980, appellants' attorney mailed three copies of a brief in opposition to the preliminary objections to the Court Administrator of Montgomery County. The court administrator received the briefs on April 14, 1980. One week later, the lower court issued an order dismissing appellants' complaint as to the Albrights on the ground that appellants had failed to file their brief within the period mandated by Rule 302(d) of the Montgomery County Rules of Civil Procedure. This appeal followed.

At the time the Albrights filed their brief in support of their preliminary objections, Rule 302(d) provided:

*Briefs required*—In Interlocutory matters, 302(c)(1), briefs or memoranda of law may be submitted by counsel to the court administrator at any time prior to the day of argument or to the hearing judge at the time of argument. *In Appealable matters, 302(c)(2), the moving party or parties shall file its brief within 30 days of the filing of*

1. Appellants also sought to recover damages from appellee Charles H. Dager, trading as Dager Realtor.

*the motion, petition or preliminary objection, and shall file the same by giving three copies of the brief to the court administrator's office,* who shall stamp the same received, *and by serving concurrently therewith copies upon all other parties of record.* The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

*The responding party or parties, within 30 days of the filing and service of the moving party's brief, shall likewise file three copies of its brief with the court administrator's office,* who shall stamp the same received, and shall serve concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

*If the briefs of either the moving party or responding party are not timely filed within the period above stated, unless the time shall be extended prior thereto by the court for good cause and reason shown, the court administrator shall notify the court, and the court shall, without further notice, mark the motion, petition or preliminary objection granted or dismissed, depending upon which party does not comply with the brief filing requirements of this rule.* If neither party complies, the court, at the time of argument and upon notification of joint non-compliance, shall impose whatever sanction it deems appropriate. *In the case of multiple parties, the relief shall be granted or the action dismissed as appropriate to the position of the non-filing party or parties.* The court administrator shall notify the judge or judges to whom the argument has been assigned. There can be no extension of the time for the filing of briefs by agreement of counsel.

The moving party shall file a praecipe in duplicate with the prothonotary at the time it files its Appealable matter and the prothonotary shall time-stamp the praecipe. The

moving party shall serve a copy of the praecipe on opposing counsel or unrepresented party along with the motion or petition. (Emphasis added.)[2]

Appellants argue that they complied with the brief-filing requirement of Rule 302(d). The validity of this argument depends upon the construction to be given the Rule 302(d) language requiring the responding party to file its brief "within 30. days of the *filing and service* of the moving party's brief . . . ." (Emphasis added.) Appellants assert that "service" occurs when the responding party receives the moving party's brief. Thus, under appellants' construction, their brief (filed on April 14, 1980) was timely filed because the thirty-day period did not begin to run until their attorney received the Albrights' brief on March 14, 1980.[3] The lower court concluded, however, that the date of service is the date on which the moving party's brief is filed in the court administrator's office. If the lower court's construction is correct, appellants' brief should have been filed by April 10, 1980.

In reviewing this case, we are guided by the "well-established principle that rules of court are made to promote the administration of justice, and necessarily, the courts making such rules must be allowed a wide discretion in their interpretation and application." *Smith v. Smith*, 49 Pa.Super. 423, 426 (1912). Moreover, "[w]e will not interfere with a court's construction of its own rules, unless the interpretation applied is so unreasonably exercised as to amount to an abuse of discretion." *Caples v. Klugman*, 202 Pa.Super. 517, 520, 198 A.2d 342, 343 (1964). *Accord, In re Estate of Frick*, 489 Pa. 535, 536, 414 A.2d 1020, 1021 (1980); *Richter v. Scranton City*, 321 Pa. 430, 432, 184 A. 252, 253 (1936);

**2.** Rule 302(d) was subsequently amended, effective October 27, 1980. The court now has discretion in determining the sanction to be imposed for a party's failure to comply with the brief-filing requirement.

**3.** In computing the thirty-day period, March 13, 1980 is omitted because it was a Sunday. *See* 1 Pa.C.S.A. § 1908.

*Haverford Township School District v. Herzog,* 314 Pa. 161, 163–64, 171 A. 455, 456–57 (1934); *Straff v. Nationwide Mutual Fire Insurance Co.,* 230 Pa.Super. 403, 407, 326 A.2d 586, 587 (1974).

Appellants argue that the lower court's construction of Rule 302(d) is unreasonable because it ignores the language of the rule requiring the responding party to file its brief "within 30 days of the filing *and service* of the moving party's brief . . . ." (emphasis added.) Under the lower court's construction of the rule, appellants argue, the words "and service" are superfluous. In *Herr Abstract Co. v. Vance,* 284 Pa.Super. 111, 425 A.2d 444 (1980), this Court construed a Lancaster County local rule of court which required the opposing party in matters appearing on the pretrial proceedings list to file a brief within ten days after service of the moving party's brief. That rule, like Rule 302(d), did not define the word "service." Our Court stated that the method of service provided by Rule 233(a) of the Pennsylvania Rules of Civil Procedure could be used under the local rule. Pa.R.Civ.P. 233(a) states in part: "All legal papers, except writs and pleadings, to be served upon a party under any Rule of Civil Procedure including but not limited to motions, petitions, answers thereto, rules, orders, notices, interrogatories and answers thereto, shall be served by leaving a copy for or mailing a copy to him at the address of the party or his attorney of record . . . ." Pa.R.Civ.P. 233, however, does not state when service occurs. In *Franklin Interiors, Inc. v. Browns Lane, Inc.,* 227 Pa.Super. 252, 319 A.2d 682 (1974), we considered when service by mail occurs pursuant to Pa.R.Civ.P. 1027. That rule permits pleadings other than complaints to be served by mail. Pa.R. Civ.P. 1026 requires such pleadings to be filed within twenty days after service of the preceding pleading (if the preceding pleading contains a notice to defend or a notice to plead). Our Court held that to ensure that a party to whom a pleading has been mailed pursuant to Pa.R.Civ.P. 1027 has notice of the requirement to file a responsive pleading, "the

date of receipt of the pleading must be the date which initiates the period for a responsive pleading." *Id.*, 227 Pa.Super. at 255, 319 A.2d at 684. Thus, if that case were applied to Rule 302(d), then appellant's construction of the rule would be correct.

■ The lower court's conclusion that service under Rule 302(d) occurs at the time the moving party's brief is filed appears to be based primarily on the fact that the rule contemplates a simple method by which the court administrator can determine whether litigants have complied with the rule. If the running of the thirty-day period begins when the opposing party receives the moving party's brief, then the court administrator would have great difficulty in determining when the rule has been violated. Although appellants' construction appears to be contrary to one of the purposes underlying Rule 302(d), it does give meaning to the entire phrase "filing and service." We need not decide, however, whether the lower court's construction of Rule 302(d) is erroneous. Two conclusions can be drawn from the above discussion: (1) the language of Rule 302(d) with regard to the commencement of the thirty-day period for filing an opposing brief is ambiguous, and (2) appellants' assertion that the period begins when the opposing party receives the moving party's brief is not unreasonable. Under these circumstances, we believe that it would be unfair to impose the harsh sanction of the rule and thereby preclude appellant from having the court decide the Albrights' preliminary objections on their merits.

■ In *Hesselgesser v. Glen Craft Contractors, Inc.*, 287 Pa.Super. 319, 430 A.2d 305 (1981), we stated:

Although Rule 302(d) is silent as to the procedure to be followed after a sanction has been imposed, we believe that the Montgomery County Court of Common Pleas would vacate an order imposing a sanction if the noncomplying party, by timely petition, offered a reasonable

excuse for its failure to file a brief within the prescribed period. If the court's refusal to excuse noncompliance constituted an abuse of discretion, its decision would be reversed on appeal.

*Id.,* 287 Pa.Super. at 325, 430 A.2d at 308. We conclude that appellants herein have offered a reasonable excuse for their failure to comply with Rule 302(d) as construed by the lower court. As noted above, appellants should not suffer a dismissal of their action against the Albrights on the ground that they did not anticipate the lower court's construction of Rule 302(d). Although appellants did not petition the lower court to vacate its order dismissing their complaint as to the Albrights before taking this appeal, their failure to do so is understandable because, as noted in *Hesselgesser, supra,* Rule 302(d) does not provide a procedure for seeking relief after a sanction has been imposed pursuant to the rule. Moreover, because the record before us clearly reveals a reasonable excuse for appellants' failure to file their brief within thirty days of the filing of the Albrights' brief, there is no need to remand the case to enable the lower court to make that determination. Accordingly, we reverse the order of the lower court and remand the case for further proceedings.[4]

Order reversed and case remanded for further proceedings.

4. Because of our disposition of this case, we need not consider appellants' contention that Rule 302(d) is invalid. We note, however, that our Court has rejected challenges to the validity of Rule 302(d). *See Hesselgesser v. Glen Craft Contractors, Inc., supra* (Rule 302(d) not in conflict with Pa.R.Civ.P. 126 and not unreasonable); *Dunham v. Temple University,* 288 Pa.Super. 522, 432 A.2d 993 (1981) (Rule 302(d) not in conflict with Pa.R.Civ.P. 1034(b) and 1037(c)).