430 A.2d 305

**James M. HESSELGESSER III**

v.

**GLEN–CRAFT CONTRACTORS, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed May 22, 1981.

Petition for Allowance of Appeal Granted Aug. 17, 1981.

320

Thomas J. McGoldrick, Bala Cynwyd, for appellant.

Daniel C. Barrish, Norristown, for appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in dismissing its petition to open a default judgment on the ground that it had failed to file a supporting brief within the period mandated by Rule 302(d) of the Montgomery County Rules of Civil Procedure. We disagree and, accordingly, affirm the order of the court below.

Appellee commenced this breach of contract action on October 31, 1979. Upon appellant's failure to answer the complaint, appellee caused a default judgment to be entered on November 27, 1979. On December 27, 1979, appellant filed a petition to open the judgment, alleging, *inter alia*, that it had not been served with the complaint and that it had no knowledge of the action until it received notice of entry of the default judgment. After appellee answered the petition, the lower court, by order dated February 4, 1980, directed that the case be placed on the argument list upon the filing of a praecipe and, if necessary, the taking of depositions. Appellant filed the praecipe on March 3, 1980. On April 9, 1980, the lower court issued an order dismissing the petition to open judgment because appellant had failed to file a supporting brief within the thirty day period mandated by Rule 302(d) of the Montgomery County Rules of Civil Procedure. This appeal followed.

As amended in June of 1979, Rule 302(d) provided:

*Briefs required*—In Interlocutory matters, 302(c)(1), briefs or memoranda of law may be submitted by counsel to the court administrator at any time prior to the day of argument or to the hearing judge at the time of argu-

322

ment. *In Appealable matters, 302(c)(2), the moving party or parties shall file its brief within 30 days of the filing of the motion, petition or preliminary objection,* and shall file the same by giving three copies of the brief to the court administrator's office, who shall stamp the same received, and by serving concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

The responding party or parties, within 30 days of the filing and service of the moving party's brief, shall likewise file three copies of its brief with the court administrator's office, who shall stamp the same received, and shall serve concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

*If the briefs of either the moving party or responding party are not timely filed within the period above stated, unless the time shall be extended prior thereto by the court for good cause and reason shown, the court administrator shall notify the court, and the court shall, without further notice, mark the motion, petition or preliminary objection granted or dismissed, depending upon which party does not comply with the brief filing requirements of this rule.* If neither party complies, the court, at the time of argument and upon notification of joint non-compliance, shall impose whatever sanction it deems appropriate. In the case of multiple parties, the relief shall be granted or the action dismissed as appropriate to the position of the non-filing party or parties. The court administrator shall notify the judge or judges to whom the argument has been assigned. There can be no extension of the time for the filing of briefs by agreement of counsel.

*The moving party shall file a praecipe in duplicate with the prothonotary at the time it files its Appealable matter* and the prothonotary shall time-stamp the praecipe. The

moving party shall serve a copy of the praecipe on opposing counsel or unrepresented party along with the motion or petition. (Emphasis added.) [1]

Appellant argues that Rule 302(d) is in conflict with Rule 126 of the Pennsylvania Rules of Civil Procedure. "Although the several courts of common pleas may properly adopt local rules, such rules are invalid to the extent they conflict with or are inconsistent with the Pennsylvania Rules of Civil Procedure." *Gonzales v. Procaccio Brothers Trucking Co.*, 268 Pa.Super. 245, 249, 407 A.2d 1338, 1340 (1979). *See also* 42 Pa.C.S.A. § 323 ("[E]xcept as otherwise prescribed by general rules, every court shall have power to make such rules ... of court as the interest of justice or the business of the court may require.").

Pa.R.Civ.P. 126 states:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Appellant argues that there is an "inconsistency between the technical but severely harsh operation of Local Rule 302(d) and the liberal approach to rules mandated by Pa.R.C.P. 126." Brief of Appellant at 10. We reject this contention for two reasons. First, Rule 126 does not literally apply to local rules of court. Pa.R.Civ.P. 76 states that unless the context clearly indicates otherwise, "rule" means "a Rule of Civil Procedure promulgated by the Supreme Court ...." Rule 126 does not clearly indicate that the Supreme Court intended it to apply to local rules such as Rule 302(d). Moreover, even assuming, *arguendo*, that Rule 126 applies here, we perceive no conflict between it and Rule 302(d). Rule 126 permits a court to disregard a procedural defect;

---

1. The present version of Rule 302(d) became effective on October 27, 1980. The court now has discretion in determining the sanction to be imposed for a party's failure to comply with the brief-filing requirement.

the rule clearly does not prohibit a court from imposing a sanction for failure to comply with a duly promulgated rule.[2]

Appellant next challenges the validity of Rule 302(d) on the ground that it is unreasonable because it does not allow the court to exercise any discretion in imposing a sanction. In *Smith v. Ellwood City Ice Co.*, 311 Pa. 147, 166 A. 560 (1933), our Supreme Court stated: "The power of the lower court to make rules for the transaction of its business is unquestioned. The only limitation of the power is that the rules must not be contrary to law nor unreasonable." *Id.*, 311 Pa. at 149, 166 A. at 560. *See also Milton Bank & Safe Deposit Co. v. Beachel*, 174 Pa.Super. 276, 278, 101 A.2d 142, 143 (1953).

We conclude that Rule 302(d) is not unreasonable. Although appellant correctly notes that the court exercises no discretion in imposing a sanction for a party's failure to file a brief within the thirty day period, Rule 302(d) does not prohibit a court from removing the sanction in an appropriate case. While local procedural rules are "an absolute essential to the orderly administration of justice and the smooth and efficient operation of the judicial process," *Straff v. Nationwide Mutual Fire Insurance Co.*, 230 Pa.Super. 403, 407, 326 A.2d 586, 587 (1974), it is well settled that the court making the rule has broad power to suspend or disregard the rule to prevent an injustice. *See McFadden v. Pennzoil Co.*, 326 Pa. 277, 191 A. 584 (1937); *Caples v. Klugman*, 202 Pa.Super. 517, 198 A.2d 342 (1964); *Stokes Estate*, 167 Pa.Super. 128, 74 A.2d 517 (1950); *Werts v. Luzerne Borough Authority*, 15 Pa.Cmwlth. 631, 329 A.2d 335 (1974) (collecting cases). "Generally, a lower court will not be reversed for its refusal to waive noncompliance with its rules absent an 'abuse of discretion' causing 'manifest and palpable injury.'" *Gordon v. Board of Directors of West Side Area Vocational Technical School*, 21 Pa.Cmwlth.

2. Additionally, as we discuss below, the fact that a court in imposing a sanction under Rule 302(d) exercises no discretion does not mean that the court lacks discretion to vacate its order if the failure to comply with the rule is reasonably explained.

616, 623, 347 A.2d 347, 350–51 (1975) (quoting *Gagliardi v. Lynn*, 446 Pa. 144, 151, 285 A.2d 109, 112 (1974)). Accordingly, although Rule 302(d) is silent as to the procedure to be followed after a sanction has been imposed, we believe that the Montgomery County Court of Common Pleas would vacate an order imposing a sanction if the noncomplying party, by timely petition, offered a reasonable excuse for its failure to file a brief within the prescribed period. If the court's refusal to excuse noncompliance constituted an abuse of discretion, its decision would be reversed on appeal. Consequently, because appellant has not shown that Rule 302(d) is unreasonable, we reject its challenge to the validity of the rule.[3]

■ Alternatively, appellant argues that the lower court abused its discretion in applying Rule 302(d) in this case. We disagree. The only explanation appellant has offered for its failure to file a brief is that the lower court's order of February 4, 1980, which directed that the case be placed on the argument list upon the filing of a praecipe, caused its counsel to believe that Rule 302(d) would not be strictly enforced.[4] Appellant asserts that because the court notified its counsel of his failure to comply with the praecipe-filing requirement of the rule, the court should also have informed counsel of the brief-filing requirement. This argument, however, addresses only appellant's failure to file its brief after receiving the order of February 4. Appellant initially violated Rule 302(d) by failing to file a brief within thirty

3. Appellant argues also that Rule 302(d) is unreasonable because it imposes no sanction for the failure to comply with the praecipe-filing requirement. The lower court stated in its opinion that "due to the constantly increasing case load and demands on the time and energy of the Court system in [Montgomery] county it became necessary to adopt a simple yet effective procedure to facilitate the timely preparation and filing of briefs and corresponding sanctions for failure to comply with this procedure." Lower Court Opinion at 6. Although we agree with appellant that a party's failure to file a praecipe may delay a case, we cannot hold Rule 302(d) invalid on the ground that the rule does not completely solve the perceived problem.

4. As stated above, Rule 302(d) requires a moving party to "file a praecipe in duplicate with the prothonotary at the time it files its Appealable matter."

days of December 27, 1979, the day on which it filed its petition to open judgment. Appellant has totally failed to excuse this initial violation of the rule. Thus, even if the February 4 order had referred to the brief-filing requirement of the rule, it was by then too late for appellant's counsel to comply with the rule. Accordingly, we conclude that appellant has shown no basis for disturbing the lower court's order dismissing its petition to open.

Order affirmed.