460 A.2d 1093

**BYARD F. BROGAN, INC., Appellant,**

v.

**HOLMES ELECTRIC PROTECTIVE COMPANY OF PHILADELPHIA, Appellee.**

Supreme Court of Pennsylvania.

May 27, 1983.

David R. Strawbridge, A. Richard Bailey, Philadelphia, for appellant.

Dean B. Stewart, Jr., John O'Rourke, Norristown, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

On October 21, 1976, appellant, Byard F. Brogan, Inc. (Brogan) initiated a lawsuit in trespass and assumpsit against appellee, Holmes Electric Protection Company (Holmes). The action sought recovery of damages for a burglary loss at Brogan's place of business in Glenside, Pennsylvania. The gravamen of appellant's complaint is the malfunction of a burglary detection system installed by appellee which, it is alleged, caused Brogan to suffer losses in excess of $358,000.00.

On April 20, 1979, pursuant to Pennsylvania Rule of Civil Procedure No. 1035, appellee filed a motion for summary judgment on the grounds that, under the pleadings and applicable law, either Holmes was entitled to judgment on liability, or Brogan was entitled to judgment for the limited amount as set forth in a liability limitation provision of the admitted agreement between the parties. Contemporaneous with the filing of its motion for summary judgment, appellee filed a brief in support of its motion in the office of the local court administrator.

On May 22, 1979, appellee's motion for summary judgment was granted sua sponta solely because appellant Brogan failed to file a reply brief within 30 days from the date the appellee's brief was filed with the court administrator as provided by Montgomery County Rule of Civil Procedure No. 302(d), as amended. On May 31, 1979, appellant filed a motion to vacate the May 22, 1979 order granting summary judgment in favor of appellee Holmes. Appellant's motion was summarily denied on June 1, 1979. On June 21, 1979, Brogan filed a motion to open judgment. Again, this motion was refused by order dated June 22, 1979. The appellant then appealed to the Superior Court from the orders of May 22, 1979 and June 1, 1979 and the judgment entered on July 13, 1979. In a memorandum opinion, the Superior Court affirmed.[1] We granted appellant's petition for allowance of appeal.

1. *Brogan v. Holmes,* 292 Pa.Super. 605, 435 A.2d 238 (1981).

Appellant Brogan argues that Montgomery County Rule of Civil Procedure No. 302(d)[2] is invalid in that it is inconsistent with the Pennsylvania Rules of Civil Procedure.[3] At the time appellee filed its summary judgment motion, Rule 302(d) provided:

(d) Briefs required—In Interlocutory matters, 302(c)(1), briefs or memoranda of law may be submitted by counsel to the court administrator at any time prior to the day of argument or to the hearing judge at the time of argument. In Appealable matters, 302(c)(2), the moving party or parties shall file its brief within 30 days of the filing of the motion, petition or preliminary objection, and shall file the same by giving three copies of the brief to the court administrator's office, who shall stamp the same received, and by serving concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of the said brief or briefs.

The responding party or parties, within 30 days of the filing and service of the moving party's brief, shall likewise file three copies of its brief with the court administrator's office, who shall stamp the same received, and shall serve concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

*If the briefs of either the moving party or responding party are not timely filed within the period above stated,* unless the time shall be extended prior thereto by the court for good cause and reason shown, *the court administrator shall notify the court, and the court shall, without further notice, mark the motion, petition or preliminary objection granted or dismissed, depending upon which party does not comply with the brief filing requirements*

2. Hereinafter referred to as Rule 302(d).

3. Appellant contends that Rule 302(d) conflicts with Pa.R.C.P. 1035, Pa.R.C.P. 248 and Pa.R.C.P. 126. Because of the disposition we make, we will not consider appellant's argument as to Pa.R.C.P. 1035 and Pa.R.C.P. 248.

*of this rule.* If neither party complies, the court, at the time of argument and upon notification of joint noncompliance, shall impose whatever sanction it deems appropriate. In the case of multiple parties, the relief shall be granted or the action dismissed as appropriate to the position of the non-filing party or parties. The court administrator shall notify the judge or judges to whom the argument has been assigned. There can be no extension of the time for the filing of briefs by agreement of counsel.[4] (Emphasis supplied).

4. Effective October 27, 1980, Rule 302(d) was revised as follows:

(d) Brief required—In Interlocutory matters, 302(c)(1), briefs or memoranda of law may be submitted by counsel to the court administrator at any time prior to the day of argument or to the hearing judge at the time of argument. In Appealable matters, 302(c)(2), the moving party or parties shall file its brief within 30 days of the filing of the motion, petition or preliminary objection, and shall file the same by giving three copies of the brief to the court administrator's office, who shall stamp the same received, and by serving concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

The responding party or parties, within 30 days of the filing and service of the moving party's brief, shall likewise file three copies of its brief with the court administrator's office, who shall stamp the same received, and shall serve concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

*If the briefs of either the moving party or responding party are not timely filed within the period above stated,* unless the time shall be extended prior thereto by the court for good cause and reason shown, *the court administrator shall notify the court. The court may then, or at any time subsequent thereto:*

*(1) Dismiss the motion, petition, preliminary objection or other matter, where the moving party has failed to comply, or*

*(2) Grant the requested relief where the responding party has failed to comply, or*

*(3) Direct the matter to be listed for argument, at which time the complying party or parties shall alone be heard and/or*

*(4) Impose such other sanction upon a noncomplying party as it shall deem proper.*

No extention of time for the filing of briefs by agreement of counsel shall be permitted.

The moving party shall file a praecipe in duplicate with the prothonotary at the time it files its Appealable matter and the prothonotary shall time-stamp the praecipe. The moving party

■ There is no doubt that the Montgomery County Court of Common Pleas has the right to make and promulgate local rules of procedure such as the one challenged here by the appellant.

Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, *except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.* (emphasis supplied). 1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978, 42 Pa.C.S.A. § 323.

We deem the phrase, *"except as otherwise prescribed by general rules"* to mean that local court rules must be consistent with and shall not conflict with the Pennsylvania Rules of Civil Procedure.[5] *See: Gonzales v. Procaccio Bros. Trucking Co.,* 268 Pa.Super. 245, 407 A.2d 1338 (1979) (Allocatur denied).

Almost four decades ago this Court, speaking through Justice Horace Stern, said:

"Procedural Rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. It is for this reason that Pa.R.C.P. No. 126 ... provides: 'The rules shall be liberally con-

shall serve a copy of the praecipe on opposing counsel or unrepresented party along with the motion or petition. (Emphasis supplied).

**5.** The predecessor to the current rule-making-power-act provides as follows:

Each of the courts of common pleas, each of the courts of quarter sessions, the county court of Allegheny County, the municipal court of Philadelphia, and other courts established by the General Assembly may adopt additional local rules for the conduct of its business, which shall not be inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania. 1937, June 21, P.L. 1982, No. 392, § 2; 1939, March 30, P.L. 14 § 1; 1959, Aug. 25, P.L. 751, § 1, 17 P.S., § 62.

strued to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every state of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.' "

*McKay v. Beatty,* 348 Pa. 286, 35 A.2d 264 (1944).

The language of the present-day Rule 126 is identical to that quoted in *McKay v. Beatty, supra;* and the vitality of the principle announced by Justice Stern remains undiminished.

The trial of a lawsuit is not a sporting event where the substantive legal issues which precipitated the action are subordinate to the "rules of the game." A lawsuit is a judicial process calculated to resolve legal disputes in an orderly and fair.fashion. It is imperative that the fairness of the method by which the resolution is reached not be open to question. A rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip, is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure. Rule 126 is not a judicial recommendation which a court may opt to recognize or ignore. Rather the rule is a statement of the requirement of fairness and establishes an affirmative duty courts are bound to follow in applying all procedural rules whether they be statewide or local in origin.[6]

6. The unfairness of the mandatory harsh, inflexible application of Rule 302(d) is readily apparent in this case. On March 1979, appellee filed a motion for judgment on the pleadings but failed to file a brief within 30 days from the filing of its motion. As a result the motion was dismissed by order of court dated April 24, 1979. However, appellee was free to continue its defense of the case and indeed went on to file a motion for summary judgment. When the appellant failed to file a brief within 30 days from the date of appellee's brief, appellant's lawsuit was dismissed with prejudice. It is apparent that in any such appealable matter, the mandatory penalty is usually more severe with respect to the respondent than it is on the moving party for the same procedural error.

■ This is not to say that common pleas courts lack the power to enforce its own local rules by appropriate sanctions. The lower courts may extend or refuse to extend the time within which to meet a filing requirement so long as the action taken does not amount to an abuse of discretion which causes manifest and palpable injury to one of the parties. *Gagliardi v. Lynn,* 446 Pa. 144, 285 A.2d 109 (1971). "This practice comports with Pa.R.C.P. 126 which mandates a liberal construction of the rules in general and the disregarding of any 'error or defect of procedure which does not affect the substantive rights of the parties.' " *Gagliardi v. Lynn, supra.*

The appellate courts of this Commonwealth have been called upon time and again to decide similar issues arising in like situations under Montgomery County's Rule 302(d) and other local procedural rules fixing inflexible filing requirements. In *Haney v. Sabia,* 59 Pa.Cmwlth. 123, 428 A.2d 1041 (1981) the Commonwealth Court vacated an order of the lower court which granted a motion for summary judgment based upon appellants' failure to file a brief within 30 days from the date appellee filed its brief in support of the motion. The court reasoned that in determining whether a lower court abused its discretion in refusing to waive a non-prejudicial procedural mistake it is incumbent upon the court to determine whether "[a]n obvious injustice was done to the complaining party and if so, was the reason given for the noncompliance more than the mere inadvertence of counsel?" *Haney v. Sabia, supra.* The court went on to find "[T]hat appellants' noncompliance with Rule No. 302(d) was not due to the mere inadvertence of counsel and that strict enforcement of the rule . . . amounted to an abuse of discretion by the lower court.[7] *See: Werts v. Luzerne*

7. In *Haney v. Sabia, supra,* the Commonwealth Court, in its opinion by Judge Palladino, set forth the relevant facts as follows:

   Appellants brought an action against Michael G. Sabia; S–H, Inc.; Fox Chase Federal Savings and Loan Association, and Whitemarsh Township seeking restitution for damages to their homes allegedly caused by defendants' negligence in allowing the homes to be built on unsatisfactory soil. Whitemarsh Township (hereinafter referred to as appellee) filed a Motion for Summary Judgment

*Borough Authority,* 15 Pa.Cmwlth. 631, 329 A.2d 335 (1974) (The Commonwealth Court reversed the lower court's dismissal of appellant-condemnees' preliminary objections for failure to file a brief in accordance with a local rule); *Shapiro v. Albright,* 287 Pa.Super. 414, 430 A.2d 672 (1981) (Order of lower court which dismissed appellants' complaint on the grounds that the appellants failed to file a brief within the period required by Montgomery County Rule of Civil Procedure 302(d) reversed); *Bassion v. Janczak,* 299 Pa.Super. 195, 445 A.2d 521 (1982) (Lower court order dismissing appellant's petition to open judgment for failure to file a supporting brief within the time mandated by Rule 302(d) of the Montgomery County Rules of Civil Procedure reversed); *Lowenschuss v. DePallo,* 296 Pa.Super. 88, 442 A.2d 310 (1982) (The Superior Court reversed lower court's order granting appellees' motion for judgment on the pleadings where appellants' brief was filed one day late). But *see: Hesselgesser v. Glen-Craft Contractors, Inc.,* 287 Pa.Super. 319, 430 A.2d 305 (1981) (Superior Court found Rule 302(d) of the Montgomery County Rules "not unreasonable" and affirmed the lower court's order dismissing appellant's petition to open a default judgment on the ground that appellant failed to file a supporting brief within the time required by Rule 302(d).)

■ We hold that the mandatory strict enforcement required by Rule 302(d) is inconsistent with the Pennsylvania Rules of Civil Procedure and the fairness mandated by Rule 126.

with a Rule to Show Cause why the Motion should not be granted. The lower court assigned the Rule a returnable date of August 31, 1979. Appellants filed a timely reply to the Rule and on August 31, 1979, the court entered an order designating the matter to be placed on the Argument List "upon the filing of a Praecipe, in duplicate, in the Office of the Prothonotary and allowing thirty days for taking depositions if such be deemed necessary." On September 10, 1979, appellee filed a Praecipe for·Argument List along with a brief in support of its Motion for Summary Judgment. On October 23, 1979, the lower court granted Summary Judgment because of appellants' failure to file a brief in opposition to the Motion within 30 days of the filing of appellee's brief as required by Montgomery County Rule of Civil Procedure No. 302(d).

We therefore reverse the order of the Superior Court and remand this case to the lower court for proceedings consistent with this opinion.

NIX, J., files a dissenting opinion.

ZAPPALA, J., dissents.

NIX, Justice, dissenting.

The majority, after concluding that Montgomery County Court of Common Pleas had the right to promulgate local rule procedures covering the area addressed by Montgomery County Rule of Civil Procedure No. 302(d), attempts, nevertheless, to strike it down by claiming that it is in conflict with Rule 126 of the Pennsylvania Rules of Civil Procedure. I find no such conflict. Our Rule 126 providing for liberal construction and application of rules generally was never intended to prohibit a court from providing procedures which will ensure the expeditious disposition of matters before the Court.

The time frames set forth in the rule as it then existed were reasonable. Appellant's claim of ignorance of the rule change has a hollow ring where the amendment had been in effect for over two months when the complained of incident occurred.

Nor am I impressed by the majority's attempt to suggest an unfairness resulting from different results depending upon the defaulting party. Where the moving party fails to comply, the rule provided that the motion, petition or preliminary objection will be dismissed. Where as here the responding party is in default, the motion, petition or preliminary objection is granted. In each instance, the defaulting party loses the issue. The fact that it may result in a termination of the action where the defaulting party is the respondent does not create a disparity.

I, therefore, dissent.