## White v. Medical Protective Company

*Timothy G. Lenahan*, for plaintiff.

*James A. Doherty, Jr., Lynn Sara Kornblau, Jeffery B. McCarron* and *Jeffrey Lerman*, for defendants.

MINORA, *J.*, August 27, 2013—

## I. Introduction

Before the court is a discovery dispute framed as a plaintiff's motion to strike the law firm defendant's appeals of two orders of our special trial master (hereinafter "STM") for discovery dated April 15, 2013 and April 18, 2013. The form of the motion to strike is procedural in natural. For the reasons that follow, the plaintiff's motion to strike both orders is denied and dismissed.

## II. Factual Background

This discovery dispute arises from an underlying medical malpractice case filed against Richard Behlke, M.D. and Ob-Gyn Consultants, Ltd. (hereinafter "Behlke" and "Ob-Gyn") to the term and number Court of Common Pleas of Lackawanna County No. 03 CV 2663. In sum, the case alleged that Behlke and Ob-Gyn were professionally negligent in the delivery and birth of the minor Plaintiff, Cody White. The allegations of negligence were that Behlke and Ob-Gyn committed professional negligence/ medical malpractice in managing the time prior to birth and the birth and delivery of Cody White all of which resulted in Cody suffering severe hypoxic ischemic encephalopathy which resulted in profound permanent and totally disabling birth injuries along with significant economic and non-economic damages. (the 2003 lawsuit).

The resultant verdict on November 17, 2008 was in favor of the plaintiff amounting to twenty million, five hundred thousand dollars ($20,500,000.00). Once the verdict was modified for delay damages, the verdict was molded to twenty seven million, three hundred and fifty-two

thousand dollars and twenty-one cents ($27,352,195.21). It was later affirmed by the Pennsylvania Superior Court.

The size of the verdict far surpassed the insurance coverages of both defendants Behlke and Ob-Gyn. Accordingly, Behlke and Ob-Gyn assigned their potential causes of action against their insurers and their counsel to the Plaintiffs which gave rise to our instant lawsuit. Counsel for Behlke and Ob-Gyn in the 2003 suit was the law firm of Weber, Gallagher, Simpson, Stapleton, Fires and Newby, LLP (hereinafter "Weber, Gallagher"). In our suit herein, there are a variety of allegations contended by the plaintiff which allege that defendants breached their duties in representing Behlke and Ob-Gyn in the 2003 lawsuit. By assignment, these claims are now being asserted herein by our plaintiff's.

In pursuit of those claims being asserted by plaintiffs, there have been frequent discovery disputes which have arisen. The disputed orders from the STM dated April 15, 2003 and April 18, 2003 are now being challenged by plaintiff's motion to strike on procedural grounds which solely attack the procedural nature of defendant's appeal. Our duty is to render a procedural non-substantive decision on whether defendant's appeal was properly filed or procedurally fatally deficient.

Plaintiff's Argument

Plaintiff argues that defendant's appeal of the STM's April 15, 2013 and April 18, 2013 discovery orders was in violation of the Lackawanna County Rules of Civil Procedure and further argues that the procedural violation is fatal and Defendant's appeal cannot be substantively entertained by the court because the violation divests

this court of jurisdiction. Accordingly, plaintiff has filed motions to strike defendant's appeal of the two orders issued by the STM.

Plaintiff states, "The Lackawanna County local rules clearly definite the requisite procedure to properly perfect an appeal from an Order of the Special Trial Master."[1]

The argument, in essence, is that in order to properly appeal an order of the special trial master an appellant must present an appeal motion to the designated motions court judge per Lacka. Co. R.C.P. 206.4(c) together with proof of payment of the appropriate fee.

A review of Lacka, Co. R.C.P. 206.4 and 4000.1(b) reveals the accuracy of plaintiff's argument. Lacka. Co. R.C.P. 4000.1(b) states:

(b) An order of the Special Trial Master may be appealed de novo by presentation of an appeal motion to the designated Motion Court Judge in accordance with Lacka. Co. R.C.P. 206.4(c) together with proof of payment to the Clerk of Judicial Records of an appeal cost in an amount to be set by the court from time to time. The appeal motion shall be filed within ten days of the order of the Special Trial Master and shall be considered by the court pursuant to Lacka. Co. R.C.P. 4000.

Lacka. Co. R.C.P. 206.4(c) is incorporated by reference in Lackawanna County Rule 4000.1(b) and it requires that one seeking to obtain a rule to show cause must present a

---

1. *See* Brief in Support of plaintiff's motion to strike defendant, Weber, Gallagher, Simpson, Stapleton, Fires & Newby, LLP appeals to April 15, 2013 and April 18, 2013 orders of the special trial master pg. 4.

petition to the motions court judge per Lacka. Co. R.C.P. 208.3(a).

Lacka. Co. R.C.P. 208.3(a) requires the moving party to serve all counsel with a copy of the motion or petition that will be presented advising them of the date certain when presentation will take place and provide, at a minimum, three business days notice prior to presentation.

Plaintiff correctly states the prescribed procedure and notes a clear violation of this correct procedure in the path chosen by defendant Weber Gallagher.

With regard to both the orders of April 15, 2013 and April 18, 2013 defendant Weber Gallagher alleges that they forwarded an appeal sent via United Parcel Service (UPS) to the prothonotary on April 22, 2013 and April 25, 2013 respectively. Defendant Weber Gallagher, though timely filed, never timely presented a motion or petition to a motions court judge with three business days notice to other counsel obtaining the rule returnable within twenty days of the issuance of the orders by the STM.

Subsequently, as noted at page 6 of plaintiff's brief noted at footnote 1, "...in obvious recognition of their error and in an untimely attempt to cure the same," the defendant filed a "Praecipe for Assignment" for at least the April 15, 2013 order. It is unclear whether this innovative procedure of defendant Weber Gallagher was ever done for the April 18, 2013 order.

Plaintiff's punch list of defendant's errors in attempting to perfect their appeal is articulated also at page 6 of their brief wherein plaintiff notes defendant Weber Gallagher has failed to:

(1) present to the designated motion court judge;

(2) any motion or petition; and

(3) obtain a rule returnable within ten days of the orders being appealed.

Thus far, we have little quarrel with plaintiffs stated arguments and positions. Where we tend to part ways with plaintiff's position is when they conclude that this ends the matter. Plaintiff alleges defendant Weber Gallagher's appeal is dead, cannot be revived and plaintiffs reach these conclusions with their analysis of what defendant Weber Gallagher did timely within the context of their incorrect procedure. We shall review this by now exploring defendant Weber Gallagher's counter argument.

Defendant's Argument

In filing their appeal, defendants contend that they proceeded in good faith but were relying upon an outdated version of the Lackawanna County Rules of Civil Procedure posted on Lackawanna County's official website. Unfortunately, the older version of Lacka. Co. R.C.P. 4000.1(b) is posted on that website without updates and it reads discretely differently from the current version. The older version of Lacka. Co. R.C.P. 4000.1(b) reads as follows:

"Rule 4000.1 Motion for Presentation before a Special Trial Master

...(b) An order of the Special Trial Master may be appealed de novo by presentation of an appeal motion to the court, together with proof of payment to the Clerk of Judicial Records of an appeal cost of an amount

to be set by the court from time to time. The appeal motion shall be filed within ten days of the order of the Special Trial Master and shall be considered by the court pursuant to Lacka. Co. R.C.P. 4000.1."

Reference to Lacka. Co. R.C.P. 4000 entitled Motion Practice for Discovery and Scheduling Matters requires, "...orders shall be sought by the presentation of a motion in compliance with the provisions of Lacka. Co. R.C.P. 206.1, 4000.1 (noted above) and 4019." (Insert added).

Lacka. Co. R.C.P. 4019 does not apply to our case since it deals with sanctions motions before the STM. Lacka. Co. R.C.P. 206.1 deals with, as entitled, "Definitions of Petition" which refers us to Lacka. Co. R.C.P. 206.4(c) which deals with the notice provisions germane to the title, "Issuance of a Rule to Show Cause."

When read side by side, there are discernable differences between old Lacka. Co. R.C.P. 4000.1 and new Lacka. Co. R.C.P. 4000.1(b). We will note their differences by dashing out deletions and underlining additions.

Old Lacka. Co. R.C.P. 4000.1(b) entitled "Motion for Presentation Before A Special Trial Master":

(b) An order of the Special Trial Master may be appealed de novo by presentation of an appeal motion to the court, together with proof of payment of the Clerk of Judicial Records of an appeal cost of an amount to be set by the court from time to time. The appeal motion shall be filed within ten days of the order of the Special Trial Master and shall be considered by the court pursuant to Lacka. Co. R.C.P. 4000."

The new version of Lacka. Co. R.C.P. entitled "Motion

for Presentation Before A Special Trial Master" was published in the Pennsylvania Bulletin on Saturday, March 26, 2011 at 41 Pa. B. 1620. It amended the rule with a February 7, 2011 order by President Judge Thomas J. Munley, effective thirty days after publication pursuant to Pa. R.C.P. 239(d).

It reads as follows:

Rule 4000.1 Motion for Presentation Before A Special Trial Master.

(b) An order of the Special Trial Master may be appealed de novo by presentation of an appeal motion to the ~~court~~ designated Motions Court Judge in accordance with Lacka. Co. R.C.P. 206.4(c), together with proof of payment of to the Clerk of Judicial Records of an appeal cost of *in* an amount to be set by the court from time to time. The appeal motion shall be filed within ten days of the order of the Special Trial Master and shall be considered by the court pursuant to Lacka. Co. R.C.P. 4000. (underline additional language; strikethrough deleted language).

The critical distinction between the old rule 4000.1 and the new version of Lacka. Co. R.C.P. 4000.1 is that old rule allowed for presentation to the court, which arguably can have occurred when a motion is presented for filing to this court's Clerk of Judicial Records. Conversely, the new version of the Lacka. Co. R.C.P. 4000.1 requires presentation, "...to the designated Motions Court Judge in accordance with Lacka. Co. R.C.P. 206.4(c),..." which admittedly by all parties did not occur here.

Plaintiffs argue that this represents a fatal defect

terminating defendant Weber Gallagher's appeal of the two orders by the STM. They go even further and assert that this procedural error is so egregious that it divests this court of jurisdiction to hear the matter substantively.

Defendant Weber Gallagher argues that they proceeded in good faith reliance upon the outdated Lacka. Co. R.C.P. 4000.1 that was posted on the county website. They argue that in good faith, they presented the motion to the court by timely filing with the Clerk of Judicial Records for appeals of both orders of the STM. They go on to assert that with regard to both orders, they paid the appropriate filing fee to the Clerk of Judicial Records and they also note that all of these matters were concluded in timely fashion in reliance upon the outdated rule. In this, there seems to be no dispute between the parties.

Where plaintiffs and defendant Weber Gallagher part ways is in interpreting the impact of defendant Weber Gallagher's failure to follow the current version of the rule's requirement that they present an appeal motion to the designated motions court judge within ten days of the orders being appealed.

As noted earlier, plaintiffs take the position that defendant's procedural deficiencies are fatal, defendant argues to the contrary. Defendants posit that a timely appeal that is defective in form does not negate the appeal nor render it invalid. In support of their position defendant's cite to 42 Pa. C.S.A. §5103 and Pa. R.C.P. 902. They note that it is uncontested by plaintiff that defendants appeals were timely and that all appropriate fees were paid. Defendant argues they are entitled to nunc pro tunc relief if their appeal is timely filed and they cite to the case of

*Vietri ex. rel. Vietri v. Delaware Valley High School*, 63 A.3d 1281, 1284 (Pa. Super. 2013). Here, defendant again argues they proceeded in good faith, made timely appeals, paid the appropriate fees and their only error was to rely on our outdated rule that appeared on the Lackawanna County website. It was this last misplaced reliance which created their difficulties. According to *Vietri, supra.* at page 1284, the court can grant nunc pro tunc relief where an appellant demonstrates that, "...(1) his notice of appeal was filed late as a result of *non negligent circumstances* either as they relate to appellant or appellant's counsel; (2) he filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." The only prejudice plaintiff claims herein is the need to proceed through the appeals process if we rule for defendant.

Plaintiff has clearly elevated process over substance and overstated the consequences of defendant's predicament. We believe this to be so for many of the reasons stated but also for the critically applicable rule that remains uncited by either counsel.

### III. Legal Analysis

We believe that Pa. R.C.P. 126 entitled Liberal Construction and Application of Rules governs our present case and its circumstances. It states as follows:

> "The rules *shall* be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court *at every stage of such actions or proceeding may disregard any error or defect of procedure* which does not affect the substantial rights of the parties." (emphasis added).

Like any other rules of court, local rules should be liberally construed to secure just, speedy and inexpensive determination of every action or proceeding to which they are applicable. *Pennridge Elec. Inc. v. Souderton Area Joint School Authority*, 615 A.2d 95, 419 Pa. Super. 201 (Pa. Super. 1992). Accordingly, we now know that Pa. R.C.P. 126 applies to our local rules as well.

The interpretation and application of a Rule of Civil Procedure presents a question of law. *Keller v. Mey*, 2013 Westlaw 1450494 Super. 2013. Therefore, it is suitable for this court to determine such a question.

Plaintiff has argued that defendant's failure to timely present its appeal to the motion court judge renders the appeal invalid and divests this court of jurisdiction to hear this matter. We disagree.

The critical timing in this case is the timeliness in filing the appeal with our court and not necessarily the timeliness of its presentation to the motion court judge. Clearly, the most desirable course is the following the correct governing rule which was not done here but the timely filing with the court and payment of fees was accomplished by defendants. This was noted in the case of *McCarron v. Upper Gwynedd Tp.*, 591 A.2d 1151, 139 Pa. Cmwlth. 528 (Cmwlth. Ct. 1991). In that case, which involved an error in nomenclature, the court said that the Commonwealth Court will continue to look at the substance of what parties actually did in analyzing procedure.

In interpreting Pa. R.C.P. 126, the Superior Court case of *Slaughter v. Allied Heating*, 636 A.2d 1121, 431 Pa. Super. 348 (Pa. Super. 1993), *appeal denied*, 652 A.2d 839, 539

Pa. 669, stated that the rule calling for liberal application of the Rules of Civil Procedure (Pa. R.C.P. 126) does not require the trial court to disregard procedural defects; rather it permits the trial court to do so in the exercise of its discretion where the substantive rights of the opposing party have not been prejudiced. Complaints about the time and effort required in engaging in the appeals process do not prejudice any substantive rights of the plaintiff.

Furthermore, the court in exercising the above noted discretion is directed to look favorable only upon a party who has made a substantial attempt to conform as has been done here by defendants. In the case of *Womer v. Hilliker*, 908 A.2d 269, 589 Pa. 256 (Pa. 2006), our Supreme Court stated that the latitude to overlook any procedural defect that does not prejudice a party's substantive rights is reflected in the doctrine of substantial compliance. They went on to observe that Rule 126 relief should not be available to a party who disregards the terms of the rules in their entirety and determines their own steps they can take rather than following the rules.

Our case shows defendant's bona-fide effort to comply with our local rules. The crux of defendant's error being that they followed the directives of an old invalid rule that had been amended rather than the current, correct, governing rule. Defendant's deviation from the proper procedure was a creature of compliance with the wrong rule and not a cavalier dismissal of the rules in favor of their own ad hoc procedure.

Pa. R.C.P. 126 does not literally apply to local rules of court; however, our Pennsylvania Supreme Court has indicated that Rule 126 applies to rules that are local in

origin. *Hesselgesser v. Glen Craft Contractors, Inc.*, 287 Pa. Super. 319, 430 A.2d 305 (1981); *Byard F. Borgan, Inc. v. Holmes Elec. Protective Co. of Philadelphia*, 501 Pa. 234, 460 A.2d 1093 (1983); *DeAngelio v. Newman*, 501 Pa. 144, 460 A.2d 730 (1983).

Furthermore, overlooking a procedural defect does not, in any way, in and of itself alter the jurisdiction of the court. *Kurtas v. Kurtas*, 521 Pa. 105, 555 A.2d 804 (1989). Defendant's failure to meet the requirement to present a discovery appeal to the motions court judge is such a procedural defect since its inception arises out of our local rules. (*See* Lacka. Co. R.C.P. 4000.1(b)).

The test to be applied by the courts in determining whether to disregard a procedural error is whether substantive rights would be affected. *Clinger v. Tilley*, 423 Pa. Super. 121, 620 A.2d 529 (1993). The substantive rights of a party are affected if that party would be prejudiced. *Ibid, Clinger*. Here, the parties can still proceed with their lawsuit and the inherent discovery dispute can proceed on appeal, therefore, no substantive rights are affected. In addition, defendant has shown substantial compliance and good cause for their procedural error or defect. *Delverme v. Pavlinsky*, 405 Pa. Super. 443, 592 A.2d 746 (1991) and *Womer v. Hilliker, supra*. at pages 280, 274. We do not grant this relief indiscriminately.

### Conclusion

Contrary to Charles Dickens, the law is not an ass. Charles Dickens, Oliver Twist, chapter 51 p. 489 (1970) first published serially 1837-1839. The trial of a lawsuit is not a sporting event where the substantive legal issues are subordinated to the rule of the game, *Byard F. Brogan,*

*Inc. v. Holmes Elec. Protective Co. of Philadelphia*, 501 Pa. 234, 460 A.2d 1093 (1983) and procedural rules are not ends in themselves, but means whereby justice as expressed in legal principles is administered; they are not to be exalted to the status of substantive objectives; *In Re: Larsen*, 571 Pa. 457, 812 A.2d 640 (Spec. Trib. 2002) requiring rigid adherence. *Womer, supra.* Thus, the courts should not be astute in enforcing technicalities to defeat apparently meritorious claims. *Lewis v. Erie Insurance Exchange*, 281 Pa. Super. 193, 199, 421 A.2d 1214, 1217 (1980).

We shall be guided by these dictates in concluding that the plaintiff's motions to strike the appeal of defendants from the April 15, 2013 and April 18, 2013 orders of the special trial master are hereby denied and dismissed.

An appropriate order follows.

### ORDER

And now to wit, this 27th day August, 2013 upon due consideration of plaintiff's motions to strike the defendant, Weber, Gallagher, Simpson, Stapleton, Fires and Newby, LLP's appeals of the April 15, 2013 and April 18, 2013 orders of the special trial master for discovery along with the able oral and written arguments of counsel and in accordance with the foregoing memorandum, the motions to strike are hereby denied and dismissed.