473 A.2d 200

**TIMBERPLACE ASSOCIATES d/b/a Place One Apartments**

v.

**Wasyl POSPOLYTA, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1983.

Filed March 16, 1984.

M. Patricia Harkins, Lafayette Hill, for appellant.

Robert J. Edelmayer, Norristown, for appellee.

Before SPAETH, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in dismissing his petition to open and/or strike judgment because he had failed to file a supporting brief within the period mandated by Rule 302(d) of the Montgomery County Rules of Civil Procedure. We disagree and, accordingly, affirm the order of the court below.

On September 16, 1981, because appellant defaulted on his rent payments and continued to occupy the leased premises, appellee, the lessor, commenced a civil action against appellant seeking a judgment in ejectment and for money damages in the amount of the unpaid rent. On the same date, appellee confessed judgment against appellant. On September 29, 1981, appellant filed a petition to open and/or strike the judgments. After appellee answered the petition, the lower court, by order dated December 4, 1981,

directed that the case be placed on the argument list upon the filing of a praecipe and, if necessary, the taking of depositions. On December 14, 1981, appellee filed the praecipe. On February 11, 1982, the lower court issued an order dismissing the petition to open and/or strike judgment because appellant had failed to file a supporting brief within the thirty day period mandated by Rule 302(d) of the Montgomery County Rules of Civil Procedure.[1] This appeal followed.

Rule 302(d), in effect at the time of the instant case,[2] provided:

> *Briefs required*—In Interlocutory matters, 302(c)(1), briefs or memoranda of law may be submitted by counsel to the court administrator at any time prior to the date of argument or to the hearing judge at the time of argument. *In Appealable matters, 302(c)(2), the moving party or parties shall file its brief within 30 days of the filing of the motion, petition or preliminary objection,* and shall file the same by giving three copies of the brief to the court administrator's office, who shall stamp the same received, and by serving concurrently therewith copies upon all other parties of record. The court administrator shall distribute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

> The responding party or parties, within 30 days of the filing and service of the moving party's brief, shall likewise file three copies of its brief with the court administrator's office, who shall stamp the same received, and shall serve concurrently therewith copies upon all other parties of record. The court administrator shall distrib-

---

1. The February 11, 1982 order read: "AND NOW, this 11th day of February 1982, Plaintiff [appellee] having filed a Praecipe to have the Petition to Open and/or Strike Judgment listed for argument and thirty (30) days having passed without the requisite filing of supporting briefs, as required by Rule 302(d), the Petition is therefore dismissed."

2. The applicable version of Rule 302 was adopted November 23, 1970, and amended January 8, 1979, January 29, 1979, June 22, 1979, and October 27, 1980.

ute to the judge or judges assigned to hear those matters, a copy of said brief or briefs.

*If the briefs of either the moving party or responding party are not timely filed within the period above stated, unless the time shall be extended prior thereto by the court for good cause and reason shown, the court administrator shall notify the court. The court may then, or at any time subsequent thereto:*

(1) *Dismiss the motion, petition, preliminary objection or other matter, where the moving party has failed to comply,* or

(2) Grant the requested relief where the responding party has failed to comply, or

(3) Direct the matter to be listed for argument, at which time the complying party or parties shall alone be heard and/or

(4) Impose such other sanction upon a non-complying party as it shall deem proper.

No extension of time for the filing of briefs by agreement of counsel shall be permitted.

*The moving party shall file a praecipe in duplicate with the prothonotary at the time it files its Appealable matter* and the prothonotary shall timestamp the praecipe. The moving party shall serve a copy of the praecipe on the opposing counsel or unrepresented party along with the motion or petition.

(Emphasis added). It is clear that appellant has violated the rule's mandates in two respects: first, in failing to file a praecipe with the prothonotary contemporaneously with his filing the petition to open and/or strike, and second, in failing to file a brief within 30 days of filing the petition to open and/or strike. Therefore, we find that the lower court properly exercised its discretion under 302(d)(1) in dismissing the petition because of appellant's noncompliance with Rule 302(d).

Moreover, the case of *Hesselgesser v. Glen-Craft Contractors, Inc.*, 287 Pa.Superior Ct. 319, 430 A.2d 305 (1981), directly supports our affirming the lower court's dismissal

order. In *Hesselgesser,* the appellant filed a praecipe but failed to file a brief within the thirty day period mandated by Rule 302(d) of the Montgomery County Rules of Civil Procedure. This Court, accordingly, affirmed the lower court's order dismissing appellant's petition to open a default judgment on that ground. We stated that "appellant initially violated Rule 302(d) by failing to file a brief within thirty days of December 27, 1979, the day on which it filed its petition to open judgment." *Id.,* 287 Pa.Superior Ct. at 325–26, 430 A.2d at 308.[3] Here, appellant's violation of Rule 302(d) is more egregious because he failed to file even a praecipe.

Accordingly, because appellant has given us no reason to disturb the lower court's order dismissing his petition to open and/or strike judgment, we affirm.[4]

Affirmed.

**3.** The version of Rule 302(d) in effect at the time *Hesselgesser* was decided compelled dismissal upon a party's failure to comply with the brief-filing requirement. The version of the rule applicable to the instant case gives the court discretion in determining the appropriate sanction. *See* Montgomery County Civil Rule 302(d).

**4.** Appellant's argument that appellee was required to give notice of its filing of a praecipe pursuant to Rule 301 of the Montgomery County Rules of Civil Procedure is without merit because Rule 301 has no application to the instant case. Rule 301 (effective October 1, 1979; amended October 29, 1980), entitled "Argument Court—Long List", expressly provided that "Long list matters shall consist of Zoning Appeals, Motion for New Trial or Judgment N.O.V., and Exceptions to Adjudications of the court, and such other matters as may be directed by order of the court." Montgomery County Civil Rule 301(c). In contrast, Rule 302, entitled "Argument Court—Short List", provided that "Short list matters" would consist of: (1) Interlocutory matters; and (2) Appealable matters, including petitions to open or strike judgments. *See* Montgomery County Civil Rule 302(c).

Here, whether appellee gave notice of its praecipe-filing is irrelevant because, under Rule 302(d), *appellant* was the party required to file the praecipe and give notice thereof to the other party. *See* Montgomery County Civil Rule 302(d) ("The moving party shall file a praecipe in duplicate with the prothonotary at the time it files its Appealable matter ...."). Here, appellee decided to file the praecipe simply "in an effort to get the matter moving along". (Brief for Appellee at 11). The propriety or effect of appellee's action is not at issue and we do not address it at this time. We note, parenthetically, however, that

the record indicates that appellee did give notice to appellant of its praecipe-filing by letter dated December 11, 1981.

We also find appellant's argument that the lower court erred in failing to file its opinion for nearly six months after receiving the notice of appeal meritless and unsupported by authority. *See* Pa.R. A.P. 1925(a).