## Three Rivers Manor v. Johnson

*Verdell Dean,* for plaintiff.
*Naima A. Quarles,* for defendant.

WETTICK, *J.,* March 30, 1987—Plaintiff filed a complaint before a district justice to obtain possession of rental premises which defendant occupies pursuant to a lease agreement. On May 13, 1986, the district justice entered a judgment in plaintiff's favor for possession and rent.

Defendant filed a notice of appeal. Plaintiff then filed a complaint in ejectment and trespass in which it sought a judgment for possession and rent. Defendant filed no answer to the complaint.

On September 16, 1986, a board of arbitrators awarded plaintiff damages in the amount of $2,185.08 and possession at the expiration of the 30-day appeal period. Defendant did not appear at the arbitration proceeding.

On September 19, 1986, defendant filed a notice of appeal. In her notice of appeal, she has demanded a jury trial.

Plaintiff then filed a motion to obtain possession of the premises pending the arbitration appeal. On October 17, 1986, this court entered an order awarding possession of the premises to plaintiff within 45 days.

Defendant has filed an appeal to the Superior Court from this order of court. This opinion explaining this court's reasons for entering the October 17, 1986, order is filed pursuant to Pa.R.A.P. 1925.

Pa.R.C.P.D.J. 1008(B) sets forth the circumstances under which an appeal from a judgment of

a district justice for possession of real estate operates as a supersedeas.

"B. When an appeal is from a judgment for the possession of real property, receipt by the district justice of the copy of the notice of appeal shall operate as a supersedeas only if the appellant files with the prothonotary a bond, with surety approved by the prothonotary, conditioned for the payment of any judgment for rent and for damages growing out of occupancy of or injury to the premises rendered against the appellant on appeal. In lieu of such a bond, the court of common pleas may, by local rule applicable to certain classes of cases, permit rental payments becoming due during the court of common pleas proceedings to be deposited in an escrow account in a bank or trust company approved by the court, such deposits to be applied to the payment of any judgment of the kind mentioned above rendered on appeal. If the appellant files such a bond or is permitted to deposit rental payments in escrow in lieu of a bond, the prothonotary shall make upon the notice of appeal and its copies a notation that it will operate as a supersedeas when received by the district justice."

Pursuant to this rule of court, the Allegheny County Common Pleas Court has promulgated local rule 1008.

"Rule 1008. Appeal as Supersedeas.

"B. (1) In lieu of bond, a party against whom a district justice has entered a judgment for the possession of real property may make rental payments becoming due during the court of common pleas proceedings by depositing with the court pursuant to Pa.R.C.P.* 255 an amount equal to the pro rata monthly rental payments due from the date of the entry of the judgment for possession to the date of the filing of the appeal together with an amount

equal to the monthly rental for the month in which the appeal was taken and by depositing with the court on or before the 30th day following the filing of the appeal and every 30 days thereafter until final disposition of the case a sum equal to one month's rent.

"C. (1) The failure of the appellant to make the payments into court when and as required by subsection B(1) hereof shall operate as a termination of the supersedeas.

"(2) In the event the supersedeas has been terminated by virtue of the failure of the appellant to make the payments into court when and as required the prothonotary, upon praecipe of the party on whose behalf the district justice entered the judgment for possession, shall issue a certificate of termination of the supersedeas which will evidence the termination of the supersedeas when received by the justice of the peace."

I

Local rule 1008 states that an appeal from a judgment for the possession of real estate shall operate as a supersedeas if the tenant deposits the monthly rental payment with the court each month. Defendant has made the monthly deposits provided for by this local rule. It is defendant's position that this court is without authority to set aside the supersedeas provided for by this local rule. We disagree.

Unless the tenant has posted the bond described in Pa.R.C.P.D.J. 1008(B), an appeal from a judgment for possession does not operate as a supersedeas in the absence of a local rule of court authorizing deposit of rent becoming due to act as a supersedeas. Thus where the bond is not posted, the Supreme Court has delegated to each common

pleas court the authority to determine the circumstances under which an appeal from a judgment for the possession of real property shall operate as a supersedeas.

This court promulgated local rule 1008 to establish a procedure for a tenant to obtain immediate relief without the necessity of court involvement. However, this local rule was not intended to bar the court from considering any party's request to provide relief that would be more appropriate.[1]

Except as otherwise prescribed by general rules, common pleas courts have inherent powers to grant, deny, modify, or vacate a stay pending further judicial review. 42 Pa.C.S. §§323, 103. Where the tenant has not posted a bond, Pa.R.C.P.D.J. 1008(B) does not specifically curtail the exercise of this power.[2] Also, the inherent power of this court to grant, deny, modify, or vacate a stay is not implicitly curtailed by Pa.R.C.P.D.J. 1008(B) because there is no reason consistent with sound public policy for the Supreme Court to give each local court only two choices — to allow in every case the payment of rent

1. This court is authorized to construe a local rule which it has promulgated in a manner that achieves the purposes for which this court adopted the rule. An appellate court will not interfere with a court's construction of its own rules unless the interpretation applied is so unreasonably exercised as to amount to an abuse of discretion. *Shapiro v. Albright,* 287 Pa. Super. 414, 430 Ad. 672, 674 (1981).

2. Since in this case the tenant did not post a bond, we need not decide whether the posting of a bond curtails the power of a common pleas court to alter the supersedeas provided for by Pa.R.C.P.D.J. 1008(B). Also, the order of court entered in this case in no way interferes with the automatic supersedeas provided for by Pa.R.C.P.D.J. 1008(A) as to the money judgment, so this case does not raise the issue of whether a common pleas court has any power to alter a stay provided for by general rule.

to operate as a supersedeas or never to do so. Such a position is inconsistent with recent Supreme Court case law which requires courts to decide requests for a stay by carefully balancing the relevant facts of the individual case. *Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 502 Pa. 545, 467 A.2d 805 (1983). Also such a position is inconsistent with the language in Pa.R.C.P.D.J. 1008(B) providing for the adoption of local rules "applicable to certain classes of cases."

Defendant next contends that local rule 1008 should be applied without exception because it does not contain language specifically authorizing a court to set aside the supersedeas created by the monthly rental payment. This court will not construe its local rule in this fashion for several reasons.

First, since courts have inherent powers to grant, deny, modify, or vacate a stay, a court need not promulgate a local rule describing the circumstances in which these powers will be exercised in order to exercise such powers. It is questionable whether a common pleas court could enact a local rule which precluded a party from seeking judicial review of an automatic stay established by local rule, because the essence of judicial decision-making in this area of the law is a consideration of the circumstances of the individual case, *Pennsylvania P.U.C.*, supra. Thus, in the absence of specific language stating that this court has relinquished its inherent powers, a local rule will not be construed in this fashion.

Second, rules of court should be construed in a fashion that is consistent with the constitutions of the United States and Pennsylvania, that does not produce a result that is absurd or unreasonable, and that furthers the occasion or necessity for the rule. Pa.R.C.P. 127, 128.

In the absence of a local rule, a tenant who does

not post a bond may be evicted while an appeal is pending unless the tenant is able to obtain an order of court staying the eviction. The purpose of local rule 1008(B) is to provide increased protection to the tenant who makes his or her rental payments as they become due by shifting the burden to the landlord to vacate the automatic stay. This rule is not intended to bar a court from exercising its inherent powers in appropriate cases by granting a stay where local rule 1008 does not protect the tenant or by setting aside the automatic stay provided for by local rule 1008.

If this court were to construe local rule 1008 in the fashion that the tenant urges, a tenant who filed an appeal (no matter how frivolous) and paid the rent as it became due could prevent a landlord from obtaining a court order for possession even where the landlord could show that the tenant's disruptive behavior was interfering with other tenants' enjoyment of their rental units, that the tenant was using the premises for illegal activity (e.g., drug sales, prostitution), or that the tenant was destroying the premises. Also, if the tenant's interpretation of our local rule were followed, a common pleas court could no longer entertain petitions which give protections to the tenant not provided for by local rule 1008(B). For example, this court could no longer entertain petitions to reinstate a supersedeas where the tenant had failed to make timely rental payments into court but was now able to bring the rental payments up to date because local rule 1008(C)(1) provides that, "[T]he failure of a tenant to make payments into court when and as required by subsection B(1) hereof shall operate as a termination of the supersedeas." Also, the practice of this court of granting additional time to locate other housing to a tenant who has not made the rental

payments provided for by local rule 1008(B)(1) would be inconsistent with the provisions of local rule 1008 which guarantee possession of the premises to the landlord where there has not been compliance with the rule.

Such a reading would also raise serious constitutional issues. The payment of rent as it becomes due is inadequate to protect a landlord who recovers a judgment for rent previously due and owing, for damages growing out of the improper occupancy of the premises, or for damages caused by injury to the premises. It has already been determined by a district justice that the landlord is the owner of the premises and is entitled possession of his or her property. Consequently, an automatic rule which bars the landlord from gaining possession of this property without an opportunity to establish that the appeal is frivolous or that the deposit of rent as it becomes due provides insufficient protection would appear to constitute the taking of property without due process of law.

Such a reading is also inconsistent with the provision of Pa.R.C.P.D.J. 1008(B) that the court may "by local rule applicable to certain classes of cases" permit rent payments as they become due to operate as a supersedeas.[3] This rule provides for common pleas courts to exercise discretion in selecting those cases in which the payment of rent shall operate as a supersedeas as opposed to adopting a fixed rule applicable to all cases. The Allegheny County Common Pleas Court has chosen to exercise its discre-

---

3. The explanatory note to Supreme Court Rule 1008 states: "The provision for local rules permitting an escrow deposit account of rent in certain cases is intended to authorize local machinery for the handling of special categories of landlord and tenant problems."

tion by adopting a rule that applies to all cases while giving the landlord the opportunity to seek relief from the automatic supersedeas as opposed to applying the automatic supersedeas only to a limited class of cases and shifting the burden to the tenant in other cases.

Finally, this court's construction of local rule 1008 is consistent with the rules of appellate procedure that govern supersedeas and stays during the pendency of an appeal. See for example, Pa.R.A.P. 1731, 1732, 1733, 1736. Admittedly, the appellate court rules expressly authorize a court to modify or set aside any automatic supersedeas provided for by rule while our local rule does not do so. But for the reasons previously stated, the absence of such language in local rule 1008 does not mean that this court intended to relinquish its general powers over the issuance, modification, or vacation of stays.

## II

Since the applicable rules of procedure promulgated by the Supreme Court and this court do not bar this court from considering a request to vacate the automatic supersedeas provided for by our local rule, the remaining issue is whether this court properly vacated the supersedeas in this case. the standards for the grant or denial of a stay are set forth in *Pennsylvania P.U.C.*, supra. This case holds that it is proper for a court to give consideration to whether the party seeking the stay has made a showing that he or she is likely to prevail on the merits. In the present case, the tenant failed to appear at the arbitration proceeding. Also, she has never filed an answer to the complaint setting forth any defense. Consequently, she has not even established a prima facie showing that she has a defense to this action

for procession. Because of the tenant's failure to make any showing that she is likely to prevail on the merits, this court properly entered its October 17, 1986, order awarding possession of the premises to the landlord within 45 days.