Deleliah R. Werts and John F. Werts, Appellants,
*v.* Luzerne Borough Authority, Appellee.

Argued October 11, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Frank Townend,* for appellants.

*Arthur L. Piccone,* for appellee.

OPINION BY JUDGE MENCER, December 11, 1974:

As our Supreme Court has stated in *Budget Laundry Co. v. Munter,* 450 Pa. 13, 17, 298 A. 2d 55, 56 (1972), "[t]his type of appeal provides maximum difficulty for an appellate court."

It arises out of the condemnation by the Borough of Luzerne of certain property of the appellants and the filing of a Declaration of Taking with the Court of Common Pleas of Luzerne County on January 15, 1974. On

February 15, 1974, the condemnees, appellants herein, filed preliminary objections under Section 406 of the Eminent Domain Code, Act of June 22, 1964, P. L. 84, 26 P.S. §1-406. The Borough then filed a praecipe on March 11, 1974, requesting that the case be placed on the next argument list. The case was listed for argument on April 16, 1974, and notice thereof was duly published in the Luzerne Legal Register on March 29 and April 5, 1974.

The Borough timely filed its argument brief pursuant to Local Rule 210 which states:

"Rule 210 Briefs Time for Furnishing

"(a) In any case listed for argument, the proponent must furnish copies of his brief to opposing counsel and each sitting judge no later than 4:00 p.m. on the Monday preceding the argument week. The opponent shall furnish his brief to the proponent and each sitting judge no later than 4:00 p.m. on the Wednesday of the week preceding argument week. Reply brief may be furnished at the time of argument. Copies for the court shall be filed with the Court Administrator.

"(b) If the proponent is not ready to proceed with brief or fails to answer the call of the list on the day of argument, the matter shall be dismissed as of course.

"(c) If the opponent is not ready to proceed with brief the proponent may proceed ex parte."

Counsel for condemnees did not file an argument brief according to the rule but did appear at argument. He contended that the matter was not ready for argument because no depositions had been taken nor had there been an evidentiary hearing. The Court dismissed the condemnees' preliminary objections for failure to file a brief, and from this decision the condemnees have taken this appeal.

While we can appreciate the lower court's concern for the orderly and speedy administration of justice, in the interests of justice we feel constrained to remand

this matter so that the condemnees may proceed by taking depositions or by requesting a hearing to determine the merits of their preliminary objections.

As then Justice Horace STERN began his opinion for the Court in *McKay v. Beatty*, 348 Pa. 286, 286-87, 35 A. 2d 264, 265 (1944): "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. It is for this reason that Pa. R. C. P. No. 126 (332 Pa. lxvii) provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.' "

Not only do the words of Pa. R. C. P. No. 126 remain the same today but there is abundant authority in support of the view that rules of court are but a means to accomplish the ends of justice, and that the court has the power to modify, suspend, or rescind its own rules whenever justice requires it and no party is prejudiced thereby. *Arzinger v. Baughman,* 348 Pa. 84, 34 A. 2d 64 (1943); *McFadden v. Pennzoil Co.*, 326 Pa. 277, 191 A. 584 (1937); *Jones Motor Co. v. Pennsylvania Public Utility Commission,* 202 Pa. Superior Ct. 134, 195 A. 2d 125 (1963); *Stebbins v. Dukich,* 199 Pa. Superior Ct. 554, 186 A. 2d 434 (1962); *McFadden Will,* 177 Pa. Superior Ct. 37, 108 A. 2d 247 (1954).

From a reading of the fill-in-the-blanks and check-the-appropriate-box order of the lower court, it would seem that the unique importance of Preliminary Objections in a condemnation proceeding may have been overlooked or confused with "ordinary" preliminary objections pursuant to Pa. R. C. P. No. 1017. *See Hanni Ap-*

*peal,* 420 Pa. 289, 293-295, 216 A. 2d 774, 777 (1966) (concurring opinion).

The record does not disclose why evidentiary steps had not occurred prior to the argument, but even if condemnees' attorney can be faulted, in whole or in part, we are quite reluctant to foreclose a party because of the failing of his counsel when obvious injustice will be done. Our Supreme Court has shown the same reluctance. *Arzinger v. Baughman, supra; McFadden v. Pennzoil Co., supra; National Finance Corp. v. Bergdoll,* 300 Pa. 540, 151 A. 12 (1930). *See also Budget Laundry Co. v. Munter, supra,* and *Lodowski v. Roenick,* 227 Pa. Superior Ct. 568, 307 A. 2d 439 (1973).

We, therefore, remand this matter to the Court of Common Pleas of Luzerne County for disposition consistent with this opinion.