James C. Gordon, et al., Appellants, *v.* Board of Directors of West Side Area Vocational Technical School, Appellee.

Argued October 9, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Peter J. O'Brien,* for appellants.

*Patrick J. Toole,* with him *Herbert L. Winkler,* for appellee.

OPINION BY JUDGE WILKINSON, November 14, 1975:

This is an appeal by seven school teachers (appellants) from a decision of the Court of Common Pleas of Luzerne County. The court sustained preliminary objections of the Board of Directors of West Side Area Vocational Technical School (appellee) to appellants' amended complaint and entered judgment for appellee. We affirm.

On June 27, 1973, appellants instituted suit in assumpsit against appellee to recover wages allegedly due them as teachers of the West Side Area Vocational Technical School (Vo-Tech). Preliminary objections to the original complaint were sustained. An amended complaint was then filed in which appellants alleged that they were employed under oral contract as full-time adult education vocational instructors at Vo-Tech during the 1971-72 and 1972-73 school years. Appellants further averred that during the summer of 1972, they were unable to teach when Vo-Tech was closed by appellee following the flood of June of that year. Pursuant to Section 1153 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P. L. 30, *as amended,* 24 P. S. §11-1153, appellants claimed they were entitled to recover wages lost during that period.

Preliminary objections in the nature of a demurrer to the amended complaint were filed by appellee in which

it asserted that appellants did not have a valid cause of action since their employment contracts were not in writing and since they failed to aver facts establishing approval of such contracts by the school board. Following a hearing, at which appellants' counsel was precluded from presenting argument for filing his brief untimely under a local court rule, the court below sustained the objections.

Appellants appeal therefrom on two grounds: (1) that neither written contracts nor averments of approval of such contracts by the school board are necessary to establish a valid cause of action; and (2) that they were deprived of a fundamental right to be heard in opposition to the preliminary objections at the hearing thereon. We reject both contentions.

Section 1153 of the School Code, 24 P. S. §11-1153, provides:

> "When a board of school directors is compelled to close any school or schools on account of contagious disease, the destruction or damage of the school building by fire or other causes, the school district shall be liable for the salaries of the teachers of said school or schools for the terms for which they were engaged. Whenever a teacher is prevented from following his or her occupation as a teacher, during any period of the school term, for any of the reasons in this section specified, the school district shall be liable for the salary of such teacher for such period, *at the rate of compensation stipulated in the contract between the district and the teacher,* in addition to the time actually occupied in teaching by such teacher." (Emphasis added.)

It is clear that the liability of a school district under Section 1153 is dependent upon its contracts with its teachers.[1] The creation, validity, and enforceability of

---

1. Appellants construe the word "terms" in the first sentence of Section 1153 as referring to the contract terms under which

such contracts are governed by other provisions of the School Code.

Appellants aver that they are "teachers" and "professional employees" as those terms are defined respectively, by Sections 1141 and 1101 of the School Code, 24 P.S. §§11-1141, 11-1101. Regarding contracts with professional employees, Section 1121 of the Code, 24 P.S. §11-1121, reads:

> "In all school districts, *all contracts with professional employees shall be in writing,* in duplicate, and shall be executed on behalf of the board of school directors by the president and secretary and signed by the professional employee." (Emphasis added.)

Moreover, Section 508, 24 P.S. §5-508, states:

> "The affirmative vote of a majority of all the members of the board of school directors in every school district, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects:—
>
> ". . . .
> "Appointing . . . teachers.
> ". . . .
> "Entering into contracts of any kind . . . where the amount involved exceeds one hundred dollars ($100).
> "Fixing salaries or compensation of . . . teachers . . . .
> ". . . .
> "Failure to comply with the provisions of this section shall render such acts of the board of school directors void and unenforceable."

Accordingly, public school teacher contracts must be in writing and approved by a majority of the school board to be valid and enforceable.

---

teachers are employed. This is a misconstruction. "Terms" has reference only to the time periods during which teachers are employed, *i.e.*, school terms.

However, appellants attempt to circumvent the writing requirement of Section 1121 by contending that appellee wrongfully refused to tender them written contracts pursuant to that provision. Relying on *Mullen v. DuBois Area School District*, 436 Pa. 211, 259 A.2d 877 (1969), appellants, therefore, urge that appellee should not be permitted to take advantage of its failure to comply with the statute by raising preliminary objections based upon the absence of written contracts. We cannot agree.

*Mullen* concerned a mandamus action to compel a school board to reinstate a teacher who had a written contract which was approved by a majority vote of the board. However, the vote was not recorded in the minutes of the board as required by Section 508 of the School Code, 24 P.S. §5-508. The Supreme Court held that the requirement of a formal recorded vote to be directory only and "that expression of the board members' approval required by the statute can be evidenced in ways other than by a formal vote recorded in the minutes." *Mullen, supra*, 436 Pa. at 216, 259 A.2d at 880. In reaching this conclusion, the court noted that a contrary holding would provide school districts with a tool to avoid otherwise valid contracts and thus create a situation "clearly violative of the avowed legislative policy of creating in this state an atmosphere hospitable to school teachers." *Id.*, 436 Pa. at 217, 259 A.2d at 880.

To apply the result in *Mullen* to Section 1121 and hold the writing requirement of that provision to be directory, however, would be contrary to the policy expressed in that case. Such holding would provide school districts with the means to expose the contractual rights of teachers to the vagaries of oral agreements, and thus subvert, rather than promote, an environment hospitable to teachers. Accordingly, we hold the requirement of Section 1121 that contracts of professional employees be in writing to be mandatory.

Relying further on *Mullen* and Pa. R.C.P. No. 1019, appellants urge that school board approval of teacher

contracts required by Section 508 of the School Code, 24 P.S. §5-508, is not a necessary averment to sustain a cause of action in assumpsit under Section 1153, 24 P.S. §11-1153. Rather, appellants assert that the classical elements of a contract, *i.e.*, offer, acceptance and consideration, are sufficient.

Again, appellants' reliance on *Mullen* is misplaced. Although that case relaxed the strict requirements of Section 508 regarding the manner of expressing board approval, it did not, as the court below noted, eliminate the necessity of such approval. *See Kennedy v. Ringold School District,* 10 Pa. Commonwealth Ct. 191, 309 A.2d 269 (1973).

While we agree with appellants that Pa. R.C.P. No. 1019(a) requires the pleading of "material facts on which a cause of action is based," we disagree that the present action is sufficiently pleaded by merely averring classical contract elements. Appellants are seeking a remedy provided under Section 1153 of the School Code, 24 P.S. §11-1153, which is dependent upon their contracts conforming to the requirements of Sections 1121 and 508 of the Code. "Statutes need not be specifically pleaded but there must be set forth sufficient facts to bring the case within the statute in question." *Godina v. Oswald,* 206 Pa. Superior Ct. 51, 55, 211 A.2d 91, 93 (1965) (citation omitted). Accordingly, since appellants have not pleaded Sections 1121 and 508, averments of written contracts and approval thereof by appellee in some manner are necessary. However, such averments are absent. Consequently, appellants have failed to plead a cause of action under Section 1153.

Regarding their being denied the right to be heard in opposition to the preliminary objections at the hearing thereon, appellants argue that strict enforcement of Rule 210 of the Luzerne County Rules of Court discriminates in favor of local attorneys. Rule 210 provides:

"(a) In any case listed for argument, the proponent must furnish copies of his brief to opposing counsel and each sitting judge no later than 4:00 p.m. on the Monday preceding the argument week. The opponent shall furnish his brief to the proponent and each sitting judge no later than 4:00 p.m. on the Wednesday of the week preceding argument week. Reply briefs may be furnished at the time of argument. Copies for the court shall be filed with the Court Administrator.

"(b) If the proponent is not ready to proceed with brief or fails to answer the call of the list on the day of argument, the matter shall be dismissed as of course.

"(c) If the opponent is not ready to proceed with brief the proponent may proceed ex parte."

Counsel for appellants maintains his office in Monroe County, 45 miles from the Luzerne County Court House. In accordance with Rule 210, he received appellee's brief in support of its preliminary objections to appellants' amended complaint on the Monday preceding argument week. However, his brief in opposition was not received by the lower court until the Thursday preceding argument week—one day late under the rule. Consequently, at the hearing on the preliminary objections, he was precluded from oral argument and appellee's counsel permitted to proceed ex parte.

Rule 210 has been before this Court in *Werts v. Luzerne Borough Authority*, 15 Pa. Commonwealth Ct. 631, 329 A.2d 335 (1974), which dealt with a condemnation proceeding in which counsel for the condemnees failed to file a timely brief under Rule 210. He consequently suffered the dismissal of his preliminary objections by a "fill-in-the-blanks and check-the-appropriate-box" order. *Id.*, 15 Pa. Commonwealth Ct. at 634, 329 A.2d at 336. We remanded the case noting that "we are quite reluctant to foreclose a party because of the failing

of his counsel where obvious injustice will be done." *Id.,* 15 Pa. Commonwealth Ct. at 635, 329 A.2d at 336.

Here, the lower court's strict enforcement of Rule 210, under the circumstances, appears contrary to the spirit of Pa. R.C.P. No. 126, which provides for the liberal construction of court rules to secure the "just and speedy determination of every action." However, we cannot remand as we did in *Werts, supra,* since an "obvious injustice" has not been done. In contrast to the pro forma order in *Werts,* the opinion of the lower court in the present case is a thorough effort which considers appellants' legal position in opposition to the preliminary objections, despite their counsel's non-participation at oral argument. Generally, a lower court will not be reversed for its refusal to waive noncompliance with its rules absent an "abuse of discretion" causing "manifest and palpable injury." *See Gagliardi v. Lynn,* 446 Pa. 144, 151, 285 A.2d 109, 112 (1974). Although an abuse of discretion may have occurred here, it certainly did not cause "manifest and palpable injury."

Accordingly, the order of the Luzerne County Court of Common Pleas is affirmed.

