Frank J. Haney et al., Appellants v. Michael G. Sabia et al., Appellees.

Argued March 6, 1981, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*John M. Demcisak,* for appellants.

*Mark C. Schultz,* for appellee, Whitemarsh Township.

OPINION BY JUDGE PALLADINO, May 4, 1981:

This is an appeal by several homeowners (appellants) from an order of the Court of Common Pleas of Montgomery County which denied appellants' Motion to Rescind a previously issued order granting Summary Judgment in favor of Whitemarsh Township.

Appellants brought an action against Michael G. Sabia; S-H, Inc.; Fox Chase Federal Savings and Loan Association, and Whitemarsh Township seeking restitution for damages to their homes allegedly caused by defendants' negligence in allowing the homes to be built on unsatisfactory soil.[1] White-

---

[1] Specifically, Whitemarsh Township was accused of failing and refusing to enforce its building code during the construction of appellants homes.

marsh Township (hereinafter referred to as appellee) filed a Motion for Summary Judgment with a Rule to Show Cause why the Motion should not be granted. The lower court assigned the Rule a returnable date of August 31, 1979. Appellants filed a timely reply to the Rule and on August 31, 1979, the court entered an order designating the matter to be placed on the Argument List "upon the filing of a Praecipe, in duplicate, in the Office of the Prothonotary and allowing thirty days for taking depositions if such be deemed necessary." On September 10, 1979, appellee filed a Praecipe for Argument List along with a brief in support of its Motion for Summary Judgment. On October 23, 1979, the lower court granted Summary Judgment because of appellants' failure to file a brief in opposition to the Motion within 30 days of the filing of appellee's brief as required by Montgomery County Rule of Civil Procedure No. 302(d). Appellants thereafter filed a Motion to Rescind the Summary Judgment and to Strike the Praecipe for Argument List which was denied by the lower court, after argument, on March 10, 1980. This appeal followed.

Appellants argue that their brief was not due until October 30, 1979, 30 days after the period for taking depositions had expired and that the Motion for Summary Judgment was therefore prematurely, and thus improperly, granted. In the alternative, appellants maintain that the lower court abused its discretion by strictly enforcing Rule No. 302(d) in light of Pa. R.C.P. 126, which requires liberal construction of procedural rules in the interests of justice.[2]

---

[2] Appellants also argue that Local Rule No. 302(d) should be considered penal and therefore strictly construed against the enforcing authority and that enforcement of the rule constituted a denial of due process and equal protection of the laws. We find no merit in these arguments. Appellants cite no authority, nor

126

When the lower court granted Summary Judgment, Rule No. 302(d) then provided in pertinent part:[3]

In appealable matters, 302(c)(2), the moving party or parties shall file its brief within thirty (30) days of the filing of the Motion, Petition or Preliminary Objection, and shall file the same by giving three (3) copies of the brief to the Court Administrator's Office, who shall stamp the same received, and by serving concurrently therewith copies upon all other parties of the record. The Court Administrator shall distribute to the Judge or Judges assigned to hear those matters, a copy of said brief or briefs.

The responding party or parties, within thirty (30) days of the filing and service of the moving party's brief, shall likewise file three (3) copies of its brief with the Court Administrator's Office, who shall stamp the same received, and shall serve concurrently therewith copies upon all other parties of the record. The Court Administrator shall distribute to the Judge or Judges assigned to hear those matters, a copy of said brief or briefs.

*If the briefs of either the moving party or responding party are not timely filed within the*

can we conceive of a situation where a local rule of procedure would be construed as a penal statute. Moreover, local courts are entitled to impose sanctions for noncompliance with procedural rules and such determinations will not be disturbed absent an abuse of discretion. *See Gordon v. Board of Directors of West Side Area Vocational Technical School*, 21 Pa. Commonwealth Ct. 616, 347 A.2d 347 (1975).

[3] Rule No. 302(d) has since been amended and now gives the lower court discretion to impose less severe sanctions, as an alternative to dismissing or granting the motion, where briefs are not timely filed.

*period above stated, unless the time shall be extended prior thereto by the Court for good cause and reason shown, the Court Administrator shall notify the Court, and the Court shall, without further notice, mark the Motion, Petition or Preliminary Objection granted or dismissed,* depending upon which party does not comply with the brief filing requirements of this rule. (Emphasis added.)

While we are mindful of the lower court's power to promulgate and enforce procedural rules, we feel compelled in the interests of justice to remand this case to allow appellants the opportunity to file a brief in opposition to the Motion for Summary Judgment and to request oral argument thereon if they so desire.

Pa. R.C.P. 126 provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Rule 126 was adopted to allow the courts an opportunity to waive or modify procedural rules to insure that justice is not denied litigants because of nonprejudicial procedural errors. In applying the above standard of liberal construction to overlook procedural errors in cases similar to the one at bar, the Pennsylvania Supreme Court has made the following observations: "Procedural rules are not ends in themselves, but means, whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives."

*Pomerantz v. Goldstein,* 479 Pa. 175, 178, 387 A.2d 1280, 1281 (1978) (quoting *McKay v. Beatty,* 348 Pa. 286-87, 35 A.2d 264, 265 (1944)).

While we agree that procedural rules should be liberally construed and not afforded the same status as substantive law, this fact alone does not justify our decision to interfere with the lower court's strict enforcement of a procedural rule. Rather, a lower court's refusal to extend a filing date must constitute an abuse of discretion and cause irreparable harm to the complaining party before appellate intervention is warranted. *See Gagliardi v. Lynn,* 446 Pa. 144, 285 A.2d 109 (1971).

In *Werts v. Luzerne Borough Authority,* 15 Pa. Commonwealth Ct. 631, 329 A.2d 335 (1974), we vacated a lower court order which dismissed preliminary objections because of counsel's failure to meet a brief filing requirement and remanded the matter for a determination on the merits. There we stated: ''The record does not disclose why evidentiary steps had not occurred prior to the argument, but even if condemnees' attorney can be faulted, in whole or in part, *we are quite reluctant to foreclose a party because of the failing of his counsel when obvious injustice will be done."* *Id.* at 635, 329 A.2d at 336. (Emphasis added.) Counsel in *Werts* contended he did not file a brief as required by local rule because the matter was not yet ready for argument as depositions had not been taken nor had there been an evidentiary hearing. Appellants rely heavily on *Werts* for the proposition that clients should not be done an injustice because of the failing of counsel. Since our decision in *Werts,* however, the Supreme Court has held that a lower court did not abuse its discretion in refusing to extend a filing deadline where the sole reason given for failing to comply with the rule was the acknowledged inadvertence of counsel. *E. J. Mc-*

*Aleer & Co., Inc. v. Iceland Products,* 475 Pa. 610, 381 A.2d 441 (1977).

Thus, in light of prior case law, we are left with the following considerations in determining whether a lower court abused its discretion in refusing to waive a nonprejudicial procedural error: Was an obvious injustice done to the complaining party, and if so, was the reason given for the noncompliance more than the mere inadvertence of counsel?

The record reveals that the lower court's order of August 31, 1979, allowed 30 days for taking depositions, in addition to ordering that the matter be placed on the Argument List upon the filing of a Praecipe. Appellee filed a Praecipe and brief in support of its Motion for Summary Judgment on September 10, 1979. Rule No. 302(d) states that the responding party (appellants) must file a brief within 30 days of the filing of the moving party's brief. Appellants contend that their counsel, although admittedly unaware of new brief filing deadlines imposed by recent amendments to the local rules, was confused by the 30-day time period allotted for taking depositions. Counsel thought that any brief filing time period would not commence to run until the 30 days for taking depositions had expired. Appellants argue that this belief was reasonable and that the lower court erred in allowing appellee to file its brief before the period for taking depositions had expired.

Although we do not mean to suggest that it was improper for the lower court to accept appellee's brief before the deposition period had expired, we are convinced that under the circumstances, the appellants were justified in believing that their brief was not due until October 30, 1979, 30 days after the deposition period had expired. As such, we find that appellants' noncompliance with Rule No. 302(d) was not due to the mere inadvertence of counsel and that

130

strict enforcement of the rule in this instance amounted to an abuse of discretion by the lower court. To hold otherwise would unjustly deny appellants an opportunity to present their case on the merits.

We therefore issue the following

ORDER

AND Now, May 4, 1981, the order of the Court of Common Pleas of Montgomery County, dated March 10, 1980, denying appellants' Motion to Rescind the order granting Summary Judgment for appellee is reversed, the order dated November 21, 1979, granting Summary Judgment is vacated and the case is remanded to the lower court for final disposition consistent with this opinion.

Judge WILKINSON, JR. did not participate in the decision in this case.