# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pratap Kesarkar, Elizabeth Kesarkar, :
Lucille Brown, John Brown, Mark :
Dulik, Mary Dulik, Jean B. Russell, :
David Russell, Caldon Driscoll, :
Bernadette Driscoll, Christina R. :
Condelles, James Condelles, Lian Hu, :
Chi Li, Zhen Ye, Jia Liu, Jeffrey Smith, :
Kathryn Smith, Gabriel Tribuiani, :
Douglas P. Marshall, Catherine R. :
Marshall, Mary Werner Denadai, Sherry :
Kerstetter, Lincoln Kerstetter, John R. :
Simpson, Donna H. Simpson, Gary :
Wardius, Joyce Wardius, Kyle W. Brun, :
Julie R. Brun, George C. Murphy, Anita :
L. Murphy, Shun Ying, Jenny Ying, :
Jakob Speksnijder, Yookyin :
Speksnijder, Thalia Speksnijder, Martin :
Leff, Andrea Leff, Alexander Leff, :
Daniel Saxman, Kim Saxman, Elizabeth :
Hiver McKnight, Brent S. McKnight, :
Jason Kaplan, Stephanie Kaplan, Tao :
Zhao, Yi Fang, Maureen Capuzzi Tibbs, :
and Franklin Tibbs :
:
v. : No. 428 C.D. 2020
:
Birmingham Township and Constantine :
Anastasiadis and Eleni Anastasiadis :

Appeal of: Pratap Kesarkar, Elizabeth :
Kesarkar, Lucille Brown and John :
Brown :


Pratap Kesarkar, Elizabeth Kesarkar, :
Lucille Brown, John Brown, Mark :
Dulik, Mary Dulik, Jean B. Russell, :
David Russell, Caldon Driscoll, :
Bernadette Driscoll, Christina R. :
Condelles, James Condelles, Lian Hu, :

Chi Li, Zhen Ye, Jia Liu, Jeffrey Smith, :
Kathryn Smith, Gabriel Tribuiani, :
Douglas P. Marshall, Catherine R. :
Marshall, Mary Werner Denadai, Sherry :
Kerstetter, Lincoln Kerstetter, John R. :
Simpson, Donna H. Simpson, Gary :
Wardius, Joyce Wardius, Kyle W. Brun, :
Julie R. Brun, George C. Murphy, Anita :
L. Murphy, Shun Ying, Jenny Ying, :
Jakob Speksnijder, Yookyin :
Speksnijder, Thalia Speksnijder, Martin :
Leff, Andrea Leff, Alexander Leff, :
Daniel Saxman, Kim Saxman, Elizabeth :
Hiver McKnight, Brent S. McKnight, :
Jason Kaplan, Stephanie Kaplan, Tao :
Zhao, Yi Fang, Maureen Capuzzi Tibbs, :
and Franklin Tibbs :
 :
v. : No. 642 C.D. 2020
 :
Birmingham Township and Constantine :
Anastasiadis :
 :
 :
Appeal of: Pratap Kesarkar and :
Elizabeth Kesarkar : SUBMITTED: March 15, 2021

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED: April 6, 2021

In these consolidated appeals, Appellants Pratap and Elizabeth Kesarkar (Kesarkars) challenge two orders issued by the Court of Common Pleas of Chester County (Common Pleas). The first, issued on March 6, 2020, granted Constantine and Eleni Anastasiadis' (Anastasiadises) motion to dismiss a number of land use

appeals pertaining to a property they own, located at 1360 Old Wilmington Pike in West Chester, Pennsylvania (Property). The second, issued on May 28, 2020, granted the Anastasiadises' petition to require the Kesarkars, John Brown, and Lucille Brown to post a bond in the amount of $500,000 to pursue an appeal before our Court regarding Common Pleas' March 6, 2020 order.[1] The Anastasiadises have also filed an application for relief with our Court, through which they request that we quash the Kesarkars' appeals due to their failure to post this bond with Common Pleas. After thorough consideration, we affirm Common Pleas' March 6, 2020 order and dismiss as moot both the Kesarkars' challenge to Common Pleas' May 28, 2020 order and the Anastasiadises' related application for relief.

## I. Facts and Procedural History

On July 10, 2018, the Anastasiadises submitted a preliminary/final minor subdivision plan application (Subdivision Plan) to Birmingham Township, through which they sought the Township's permission to subdivide the Property into three lots, each of which would be zoned for single-family residential development. Reproduced Record (R.R.) at 60a-67a. Under the Township's Subdivision and Land Development Ordinance (SALDO),[2] the Anastasiadises had to "send a written notice [detailing the particulars of the Subdivision Plan] to the last known address of all property owners within a five-hundred-foot radius of the [P]roperty." SALDO § 103-8(D). This notice needed to be provided via both first-class and certified mail at least two weeks before the Township's Planning Commission was scheduled to consider

---

[1] Despite the multitude of individuals, including the Browns, listed along with the Kesarkars in the consolidated caption of these appeals, only the Kesarkars remain as appellants in these matters. *See* Notice of No Interest in the Outcome of Appeal Pursuant to Pa. R.A.P. 908 at 2-4.

[2] Birmingham Township SALDO, Chester County, Pa., *as amended* (1979), *available at* https://ecode360.com/9022967 (last accessed April 5, 2021).

the Subdivision Plan. *Id.* Without proof of the Anastasiadises' compliance with this notice requirement, the Township's Planning Commission could not consider the Subdivision Plan. *Id.*

On August 27, 2018, the Anastasiadises sent notice via certified mail to the owners of 57 nearby properties, including the Kesarkars. *See id.* at 78a-87a. The Kesarkars reside at 1370 Old Wilmington Pike, which has been classified by the Township under its Zoning Code[3] as a Class II Historical Resource. *Id.* at 582a.[4] The United States Postal Service unsuccessfully attempted to deliver the certified mailing to the Kesarkars, subsequently marked it as unclaimed, and then returned it to the Anastasiadises in late September 2018. *Id.* at 597a-98a. There is no evidence establishing that the Anastasiadises ever sent notice to the Kesarkars via first-class mail.

Meanwhile, the Subdivision Plan continued through the governmental review process. The Planning Commission considered the Plan at public meetings held on September 11, 2018, and October 9, 2018, voting during the course of the second meeting to recommend that the Township's Board of Supervisors approve the Subdivision Plan. *Id.* at 94a-95a, 244a-46a. The Board agreed with the Planning Commission's recommendation and unanimously approved the Subdivision Plan on November 5, 2018. *Id.* at 268a.

---

[3] Birmingham Township Zoning Code, Chester County, Pa., *as amended* (1978), *available at* https://ecode360.com/9023978 (last accessed April 5, 2021).

[4] Per the Township's Zoning Code, a "Class II Historical Resource" is defined in relevant part as follows: "Buildings, outbuildings, sites, structures, roadways, objects and districts not meeting National Register criteria, but determined to be of historical significance to [the] Township and thus listed and included on the [Township's] Cultural Resources Map and corresponding Cultural Resources Map Inventory which were adopted as part of the [Township's] Comprehensive Plan." Zoning Code § 122-6.

It was not until the following year that the Kesarkars discovered that this had occurred and took action. On March 21, 2019, Pratap Kesarkar emailed the Township's zoning officer regarding fencing that was being constructed by the Anastasiadises along the property line they shared with the Kesarkars. *Id.* at 455a, 660a-61a. Mr. Kesarkar then met with the zoning officer that same day and learned, for the first time, that the Subdivision Plan existed, had been submitted to the Township, and had been approved. *Id.* at 660a-61a. On March 26, 2019, Mr. Kesarkar attended a public meeting held by the Township's Historical Commission, during the course of which he informed the Historical Commission that the Anastasiadises had neither given him timely or adequate notice, nor adhered to the historic preservation requirements contained in the Township's Zoning Code. *Id.* at 299a.[5] On April 1, 2019, Mr. Kesarkar appeared at the Board's public meeting and

[5] Section 122-36.8 of the Zoning Code, which Mr. Kesarkar specifically referenced at this meeting, sets forth the following historic preservation-related requirements:

> Historic resource impact study.
>
> > A. Applicability. An historic resource impact study ("HRIS") shall be submitted to the Township, unless waived or modified by the Board . . . , in the following situations:
> >
> > > (1) As part of a preliminary plan submission for any subdivision or land development application which proposes new construction of buildings, structures, roads, driveways, parking areas, or other land disturbance within 500 feet of the property line of a property upon which is situated a Class I, Class II or Class III historic resource.
> > >
> > > (2) As part of a preliminary plan submission for any subdivision or land development application which proposes adaptive reuse or demolition, alteration or modification of a Class I, Class II or Class III historic resource.
> >
> > B. Contents. The HRIS shall be prepared by a qualified professional in historic preservation, historical architecture,

4

planning, or related disciplines and shall contain the following information, unless waived or modified by the Board . . . :

(1) Background information.

(a) If not otherwise provided by the applicant, a general description of the site subject to the application, including topography, watercourses, vegetation, landscaping, existing drives, etc.

(b) General description and classification of all historic resources located within 500 feet of any proposed land development or land disturbance.

(c) Physical description of all historic resources.

(d) Narrative description of the historical significance of each historic resource, relative to both the Township and to the region in general.

(e) Sufficient number of black and white or color eight-inch-by-ten-inch photographs to show each historic resource in its setting.

(2) Assessment of potential impacts to historic resources.

(a) Description of potential impact(s) to each historic resource with regard to architectural integrity, historic setting, and future use.

(3) Mitigation measures.

(a) Suggested approaches to mitigate potentially negative impacts to Historic Resources, including design alternatives, buffering, landscaping, conservation of existing vegetation, and any other appropriate measures permitted under the terms of this chapter and other Township ordinances.

5

expressed the same concerns he had raised at the Historical Commission's meeting six days prior. *Id.* at 303a-04a.

The Board then directed the Anastasiadises to submit an HRIS and a landscaping plan to the Historical Commission, in order to remedy the Historical Commission's previous failure to consider how the Subdivision Plan would affect the Kesarkars' property. *Id.* at 304a. The Anastasiadises complied with this directive by presenting an HRIS and a landscaping plan at the Historical Commission's April 23, 2019 meeting. *Id.* at 306a-08a. The Historical Commission reviewed these materials and voted to recommend that the Board approve the landscaping plan, contingent upon a handful of modifications proposed by the Historical Commission. *Id.* at 308a-11a.

On May 6, 2019, the Board convened a public meeting, at which it considered both the HRIS and the landscaping plan. *Id.* at 315a-17a. It does not appear from the meeting minutes that the Board voted upon the HRIS; however, during the course of this meeting, the Township's solicitor stated that the HRIS was "not approved." *Id.* at 317a. As for the landscaping plan, the Board voted to approve it, contingent upon the Anastasiadises submitting an amended landscaping plan that incorporated the Historical Commission's proposed modifications, as well as a number of revisions

---

C. The HRIS will be reviewed by the Historical Commission. Prior to the issuance of preliminary plan approval for a subdivision or land development, the Historical Commission shall set forth its evaluation and recommendations concerning the impact of the proposed development or subdivision upon the historic resource in a written report to the Board . . . . The Board . . . shall consider such report in its decision approving or denying the land development or subdivision.

Zoning Code § 122-36.8.

6

called for by the Township's engineer and the Board itself. *Id.* This decision was memorialized in a letter sent by the Township's solicitor on May 9, 2019. Kesarkars' Br., App. B.

Mr. Kesarkar then appealed the Board's May 6, 2019 decision *pro se* to Common Pleas on June 6, 2019. R.R. at 327a-29a. This was followed on June 10, 2019, by a substantially similar appeal, in which the Kesarkars and six other individuals were named as *pro se* appellants. *Id.* at 351a-54a. Two more appeals were filed on June 24, 2019, and July 3, 2019, which primarily served to enlarge the number of appellants to 50 *pro se* individuals, including the Kesarkars. *Id.* at 1a-2a; Trial Ct. Op., 8/28/20, at 2 n.4. Over the course of the ensuing months, the Anastasiadises intervened in those appeals, while the appellants unsuccessfully sought to compel the Township to supplement the record certified to Common Pleas with additional documents and to disqualify the Anastasiadises' attorney. R.R. at 2a-4a, 367a-523a, 525a-621a, 710a; Kesarkars' Br., Apps. C, D.

On October 29, 2019, the Anastasiadises filed a motion with Common Pleas, through which they sought dismissal of those appeals (Motion to Dismiss). Therein, the Anastasiadises offered two reasons why Common Pleas should grant their Motion to Dismiss. First, the appeals were untimely, as the appeal window for challenging the Board's approval of the Subdivision Plan had closed on December 5, 2018, *i.e.*, 30 days after this approval had been issued. R.R. at 626a-29a. Second, per Chester County Rule of Civil Procedure 5002(f), the appellants had been required to submit a brief in support of their appeals within 31 days of filing their notices of appeal. *Id.* at 629a. The appellants had failed to comply with this requirement and, as such, Chester County Local Rule of Civil Procedure 5002(g) enabled the Anastasiadises to move for dismissal of the appeals. *Id.* at 629a-30a.

7

Common Pleas subsequently heard oral argument regarding the Motion to Dismiss on January 3, 2020, and then granted it on March 6, 2020. Kesarkars' Br., Apps. E, F. In a lengthy footnote included in its March 6, 2020 order, Common Pleas explained its reasoning in detail. With regard to the Kesarkars, Common Pleas agreed with the Anastasiadises that the time period for challenging the Board's approval of the Subdivision Plan had ended on December 5, 2018, and that the Kesarkars' appeals were nothing more than untimely and/or collateral attacks upon the Board's decision. Trial Ct. Order, 3/6/20, at 4-5 n.5. Furthermore, Common Pleas concluded that dismissal of Mr. Kesarkar's appeal was also warranted under Chester County Local Rule of Civil Procedure 5002(g), due to his failure to file the required appellate brief. *Id.* at 5-6 n.5. Notably, neither the Kesarkars nor any of the other appellants ever filed a brief with Common Pleas in support of their appeals, despite the requirements set forth in the Chester County Local Rules of Civil Procedure and the roughly four months that elapsed between filing the Motion to Dismiss and the Common Pleas' ruling thereon. On April 6, 2020, the Browns and Kesarkars appealed Common Pleas' ruling in a *pro se* manner to our Court.[6]

On May 5, 2020, the Anastasiadises filed a petition with Common Pleas (Bond Petition), through which they requested that Common Pleas schedule a hearing thereon, in order to determine whether the Browns and Kesarkars should post a bond as a condition for pursuing their appeal of Common Pleas' March 6, 2020 order. R.R. at 688a-97a. Instead of scheduling a hearing, however, Common Pleas granted the Bond Petition on May 28, 2020, thereby ordering the Browns and Kesarkars to post a bond in the amount of $500,000 within 30 days. Kesarkars' Br.,

---

[6] While the caption for this notice of appeal, which was filed under docket number 428 C.D. 2020, lists 50 individual appellants, only the Browns and Kesarkars signed the notice. *See* Notice of Appeal, 4/6/20, at 7.

App. G. The Browns and Kesarkars then appealed this ruling to our Court *pro se* on June 26, 2020. Thereafter, the Anastasiadises submitted an application for relief to our Court on July 16, 2020, through which they sought quashal of the Browns' and Kesarkars' appeal of Common Pleas' March 6, 2020 order, due to their failure to post this bond. Application for Relief at 2-5.[7]

## II. Discussion

The Kesarkars raise a number of arguments[8] for our consideration in their appellate brief.[9] However, we need only address one issue in order to effectively dispose of their appeals: did Common Pleas improperly grant the Anastasiadises' Motion to Dismiss due to their failure to file a brief?[10]

---

[7] We granted the Kesarkars' request to consolidate these appeals on August 6, 2020. Commonwealth Ct. Order, 8/6/20, at 2-3.

[8] "Our standard of review, where [a court of common pleas] takes no additional evidence, is limited to determining whether constitutional rights were violated, [whether] an error of law was committed[,] or whether necessary findings of fact were supported by substantial evidence of record." *SSEN, Inc. v. Borough Council of Borough of Eddystone*, 810 A.2d 200, 208 n.11 (Pa. Cmwlth. 2002).

[9] To briefly summarize, the Kesarkars argue: 1. the lack of proper, SALDO-compliant notice regarding the Subdivision Plan relieved them of the responsibility to appeal to Common Pleas within 30 days of the Board's approval; 2. they did not have to appeal within 30 days of receiving actual notice of that approval, because the Board directed the Anastasiadises in April 2019 to submit an HRIS and landscaping plan to the Historical Commission, so that it could conduct legally required review steps that had been neglected during the first go-around; 3. Both of them timely appealed to Common Pleas, as the appeal window pertaining to the Board's May 6, 2019 decision did not begin to run until May 9, 2019, when the Township's solicitor formalized that decision via letter; 4. Common Pleas' dismissal of their appeals pursuant to the Chester County Rules of Civil Procedure due to their failure to file a brief violated the Pennsylvania Rules of Judicial Administration; and 5. Common Pleas erred by granting the Bond Petition because the Kesarkars' appeals were not frivolous and because Common Pleas did so without first holding the statutorily mandated hearing thereon. Kesarkars' Br. at 25-46.

[10] Common Pleas did not specifically express that dismissal of Ms. Kesarkar's appeal was warranted by her failure to file a timely brief; however, Common Pleas did state in relevant part

9

There is no dispute that both the Anastasiadises and Common Pleas followed the procedural requirements set forth in the Chester County Local Rules of Civil Procedure regarding dismissal of the Kesarkars' appeals. Broadly, Chester County Local Rule of Civil Procedure 5002 governs "Zoning and Local Agency Appeals." C.C. R.C.P. 5002. Of particular importance to this matter are two subsections of that rule, 5002(f) and 5002(g). The former states:

> Within thirty-one (31) days of the filing of the returned record, the appellant shall file a supporting [b]rief and a [p]raecipe for [d]etermination. Appellee and any intervenors shall have thirty (30) days from the receipt of the appellant's [b]rief to file a reply [b]rief. The assigned [j]udge, in [their] discretion, may extend the time for filing of [b]riefs.

*Id.*, 5002(f). Should the appellant fail to file their brief in a timely manner, the latter sets forth a roadmap for dismissing their appeal:

> If the appellant fails to file [their b]rief within the time prescribed by these rules, or within the time as extended, the appellee or intervenor may move for dismissal of the matter. Such motion shall be served in accordance with these rules upon the appellant, who may file and [a]nswer thereto, and the motion shall be thereafter determined by the Court as it deems just and proper. If an appellee or intervenor fails to file [their] brief within the time prescribed by these rules, or within the time as extended, the Court may consider such appellee or intervenor to have abandoned [their] position, and will proceed to dispose of the appeal on the merits.

*Id.*, 5002(g). Here, the Kesarkars *never* filed a brief with Common Pleas in support of their appeals, prompting the Anastasiadises to move for dismissal on October 29,

---

that "[a]ll Plaintiffs/Appellants were required to file their supporting [b]rief and [p]raecipe for [d]etermination by August 3, 2019. To date, none of the Plaintiffs/Appellants have done so." Trial Ct. Order, 3/6/20, at 6 n.5. Furthermore, "[we] may uphold an order of a lower court for any valid reason appearing from the record." *Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1200 (Pa. 2009).

10

2019. Common Pleas then held oral argument regarding the Anastasiadises' Motion to Dismiss on January 3, 2020, and granted it on March 6, 2020. In short, the Kesarkars failed to comply with Rule 5002(f), which kick-started the process, as authorized by Rule 5002(g), and ended with the dismissal of their appeals.

The Kesarkars' only rejoinder to this is their claim that dismissal of their appeals pursuant to Rule 5002(g) violated Pennsylvania Rule of Judicial Administration 103(d)(8). Kesarkars' Br. at 37-38. This Rule reads as follows:

> No pleading or other legal paper shall be refused for filing based upon a requirement of a local rule. No case shall be dismissed nor request for relief granted or denied because of failure to initially comply with a local rule. In any case of noncompliance with a local rule, the court shall alert the party to the specific provision at issue and provide a reasonable time for the party to comply with the local rule.

Pa. R.J.A. No. 103(d)(8). The Kesarkars maintain that, as Common Pleas did not affirmatively notify them that they had failed to file the required brief and give them a reasonable amount of time to comply, Common Pleas therefore violated Rule 103(d)(8) when it granted the Motion to Dismiss. Kesarkars' Br. at 37-38.

The Kesarkars' argument, however, is defective for several reasons, on both procedural and substantive grounds. First, the Kesarkars failed to raise it before Common Pleas and did not mention it in their concise statement of errors complained of on appeal. Therefore, they have failed to preserve this argument, rendering it waived. Pa. R.A.P. 302(a), 1925(b)(4)(vii); *Lamar Advert. Co. v. Zoning Hearing Bd. of Municipality of Monroeville*, 939 A.2d 994, 1001 (Pa. Cmwlth. 2007).

Second, even if they had preserved this argument, Common Pleas' decision to grant the Motion to Dismiss did not contravene Rule 103(d)(8). Common Pleas' November 20, 2019 order, which scheduled argument on the Motion to Dismiss, explicitly stated in relevant part "the parties shall be prepared to argue . . . [w]hether

11

Appellants have timely complied with [Rule] 5002(f)." Common Pleas Order, 11/20/19, at 1 n.1; Kesarkars' Br., App. E. This, coupled with the substance of the Motion to Dismiss itself and the length of time between this order's issuance and the oral argument it scheduled, undoubtedly put the Kesarkars on notice that they had not abided by Rule 5002(f) and gave them a sufficient period in which they could have corrected their mistake.

Third, Rule 5002(g) clearly tracks the discretionary authority that courts of common pleas possess in this type of situation. When sitting in an appellate capacity under the Local Agency Law,[11] a court of common pleas "may look to the Pennsylvania Rules of Appellate Procedure for guidance" and, upon motion, may dismiss a statutory appeal in the event the appellant fails to file a brief. *King v. City of Philadelphia*, 102 A.3d 1073, 1076-77 (Pa. Cmwlth. 2014); *see Cook v. City of Philadelphia Civil Serv. Comm'n*, 201 A.3d 922, 928 (Pa. Cmwlth. 2019) (a court of common pleas does not have power to *sua sponte* dismiss a statutory appeal in the event an appellant fails to file a brief, but may only order dismissal if an opposing party has sought such relief); *see also Civil Serv. Comm'n of City of Philadelphia v. Wenitsky*, 521 A.2d 80, 82 (Pa. Cmwlth. 1987) (an appellant has the "affirmative duty to prosecute the[ir] appeal[,]" which includes an obligation to file a brief). "[L]ocal courts are entitled to impose sanctions for noncompliance with procedural rules and such determinations will not be disturbed absent an abuse of discretion." *Muth v. Ridgway Twp. Mun. Auth.,* 8 A.3d 1022, 1027 (Pa. Cmwlth. 2010) (quoting *Haney v. Sabia*, 428 A.2d 1041, 1042 n. 2 (Pa. Cmwlth. 1981)). Given the sequence of events in this matter, Common Pleas did not err or abuse its discretion by dismissing the Kesarkars' appeals.

---

[11] 2 Pa. C.S. §§ 551-555, 751-754.

### III. Conclusion

In light of the foregoing analysis, we affirm Common Pleas' March 6, 2020 order granting the Anastasiadises' Motion to Dismiss. Furthermore, as this resolves the underlying appeal that gave rise to Common Pleas' May 28, 2020 order which granted the Anastasiadises' Bond Petition, we dismiss as moot both the Kesarkars' appeal of that order, which was docketed under 642 C.D. 2020, as well as the Anastasiadises' application for relief, which was docketed under 428 C.D. 2020.

_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this matter.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pratap Kesarkar, Elizabeth Kesarkar, :
Lucille Brown, John Brown, Mark :
Dulik, Mary Dulik, Jean B. Russell, :
David Russell, Caldon Driscoll, :
Bernadette Driscoll, Christina R. :
Condelles, James Condelles, Lian Hu, :
Chi Li, Zhen Ye, Jia Liu, Jeffrey Smith, :
Kathryn Smith, Gabriel Tribuiani, :
Douglas P. Marshall, Catherine R. :
Marshall, Mary Werner Denadai, Sherry :
Kerstetter, Lincoln Kerstetter, John R. :
Simpson, Donna H. Simpson, Gary :
Wardius, Joyce Wardius, Kyle W. Brun, :
Julie R. Brun, George C. Murphy, Anita :
L. Murphy, Shun Ying, Jenny Ying, :
Jakob Speksnijder, Yookyin :
Speksnijder, Thalia Speksnijder, Martin :
Leff, Andrea Leff, Alexander Leff, :
Daniel Saxman, Kim Saxman, Elizabeth :
Hiver McKnight, Brent S. McKnight, :
Jason Kaplan, Stephanie Kaplan, Tao :
Zhao, Yi Fang, Maureen Capuzzi Tibbs, :
and Franklin Tibbs :
  :
      v. : No. 428 C.D. 2020
  :
Birmingham Township and Constantine :
Anastasiadis and Eleni Anastasiadis :

Appeal of: Pratap Kesarkar, Elizabeth :
Kesarkar, Lucille Brown and John :
Brown :


Pratap Kesarkar, Elizabeth Kesarkar, :
Lucille Brown, John Brown, Mark :
Dulik, Mary Dulik, Jean B. Russell, :
David Russell, Caldon Driscoll, :
Bernadette Driscoll, Christina R. :

Condelles, James Condelles, Lian Hu, :
Chi Li, Zhen Ye, Jia Liu, Jeffrey Smith, :
Kathryn Smith, Gabriel Tribuiani, :
Douglas P. Marshall, Catherine R. :
Marshall, Mary Werner Denadai, Sherry :
Kerstetter, Lincoln Kerstetter, John R. :
Simpson, Donna H. Simpson, Gary :
Wardius, Joyce Wardius, Kyle W. Brun, :
Julie R. Brun, George C. Murphy, Anita :
L. Murphy, Shun Ying, Jenny Ying, :
Jakob Speksnijder, Yookyin :
Speksnijder, Thalia Speksnijder, Martin :
Leff, Andrea Leff, Alexander Leff, :
Daniel Saxman, Kim Saxman, Elizabeth :
Hiver McKnight, Brent S. McKnight, :
Jason Kaplan, Stephanie Kaplan, Tao :
Zhao, Yi Fang, Maureen Capuzzi Tibbs, :
and Franklin Tibbs :
    :
    :
    v. : No. 642 C.D. 2020
    :
    :
Birmingham Township and Constantine :
Anastasiadis :
    :
    :
Appeal of: Pratap Kesarkar and :
Elizabeth Kesarkar :

# **O R D E R**

AND NOW, this 6th day of April, 2021, it is hereby ORDERED that the Court of Common Pleas of Chester County's (Common Pleas) March 6, 2020 order is AFFIRMED. It is FURTHER ORDERED that Appellants Pratap Kesarkar and Elizabeth Kesarkar's appeal of Common Pleas' May 28, 2020 order, which was docketed under 642 C.D. 2020, and Appellees Constantine Anastasiadis and Eleni

Anastasiadis' application for relief, which was filed on July 16, 2020, and docketed under 428 C.D. 2020, are DISMISSED AS MOOT.

_____

ELLEN CEISLER, Judge